■ In the Matter of FIRST SOURCE FEDERAL CREDIT UNION, Respondent, v W. BERT STUHLMAN, as Assessor of Town of New Hartford, et al., Appellants. [713 NYS2d 404] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced these proceedings pursuant to RPTL article 7 seeking review of tax assessments of its property by respondent Town of New Hartford for the years 1997-1998 and 1998-1999. We previously held in an appeal by the New Hartford School District (School District) that Supreme Court erred in denying its motion to dismiss the petitions against it based on petitioner's failure to comply with the service requirements of RPTL 708 (3) (*Matter of First Source Fed. Credit Union v Stuhlman,* 267 AD2d 1026). While that appeal was pending, the court granted the petitions and ordered respondents Town of New Hartford and its Assessor and Board of Assessment Review (collectively Town) and the School District to refund the excess taxes paid by petitioner. Our subsequent order dismissing the petitions against the School District is the law of the case (*see generally, Glynwill Invs. v Shearson Lehman Hutton,* 216 AD2d 78, 79). The School District is bound by that order, and cannot now argue that the court should also have dismissed the petitions against the Town.

The court did not err in granting the petitions with respect to the Town. Pursuant to RPTL 708 (3), a School District must receive notice of a request for an assessment review, and the petitions were therefore subject to dismissal based on the School District's lack of notice (*see, Matter of Younan v City of Rome Assessor,* 256 AD2d 1122). The Town, however, neither raised the lack of notice in its answer nor moved to dismiss the petitions on that ground. Thus, we agree with petitioner that the Town waived its objection pursuant to RPTL 708 (3) (*see generally, Matter of Fry v Village of Tarrytown,* 89 NY2d 714, 720).

The court failed, however, to set forth the essential facts upon which it relied in determining the fair value of the property during the tax years in question (*see, Matter of Zacher v*

*Assessor of Town of Hamburg,* 217 AD2d 945; *Matter of Four Seasons Fitness & Racquet Club v Assessor of Town of Amherst,* 212 AD2d 1025). Consequently, the order must be reversed and the matter remitted to Supreme Court to comply with RPTL 720 (2). (Appeals from Order of Supreme Court, Oneida County, Tenney, J.—RPTL.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.