■ MITCHELL E. BLOCH et al., Appellants, v CITY OF NEW YORK et al., Respondents. [717 NYS2d 361] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated September 16, 1999, which granted the separate motions of the defendant City of New York and the defendant New York Telephone Company for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Mitchell E. Bloch (hereinafter the injured plaintiff), a police officer in the Organized Crime Bureau of the New York City Police Department, was injured when he fell from a telephone pole while removing a pen register device.

The Supreme Court properly dismissed the plaintiffs' Labor Law § 240 (1) claim, as the activity engaged in by the injured plaintiff was not an alteration of a structure within the meaning of the statute (*see,* Labor Law § 240 [1]; *Joblon v Solow,* 91 NY2d 457; *Luthi v Long Is. Resource Corp.,* 251 AD2d 554). Similarly, the Supreme Court properly dismissed the claim pursuant to Labor Law § 241 (6), as the injured plaintiff was not involved in construction work as defined by 12 NYCRR 23-1.4 (b) (13) (*see, Kesselbach v Liberty Haulage,* 182 AD2d 741). Moreover, the plaintiffs' common-law negligence claim is barred by the so-called firefighter's rule, as the injury sustained was related to the particular dangers which the injured plaintiff was expected to assume as part of his duties (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 438-439; *see also, Cooper v City of New York,* 81 NY2d 584, 590).

The plaintiffs' remaining contention is without merit. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.