■ In the Matter of BROOKVIEW APARTMENTS, Respondent, v W. BERT STUHLMAN, as Assessor of Town of New Hartford, et

al., Respondents. NEW HARTFORD CENTRAL SCHOOL DISTRICT, Appellant. [719 NYS2d 430] —Order unanimously affirmed with costs. Memorandum: Petitioner commenced these proceedings pursuant to RPTL article 7 seeking review of tax assessments of its property by respondent Town of New Hartford (Town) for the years 1997-1998 and 1998-1999 by filing the notices of petition and petitions with the Oneida County Clerk on July 30, 1997 and July 31, 1998. New Hartford Central School District (School District) received hand-delivered copies of the notices of petition and petitions on September 28 and 29, 1998, respectively. On January 26, 1999, petitioner and respondents Assessor, Board of Assessment Review and the Town entered into a stipulation of settlement reducing petitioner's assessments and requiring the School District to refund a portion of the school taxes paid by petitioner. On January 28, 1999, the terms of that stipulation were incorporated into an order of Supreme Court.

The School District moved by order to show cause to vacate the order with respect to the School District on the ground that petitioner did not timely serve the petitions on the School District as required by RPTL 708 (3), resulting in a jurisdictional defect sufficient to enable the School District to invoke the provisions of CPLR 5015 (a) (4). The court properly denied the motion. As the court properly determined, the School District waived any objection to the order by failing to intervene during the four months from the date it received the petitions to the date on which the stipulation was signed.

Contrary to the contention of the School District, the fact that it did not receive timely service of the petitions is not a jurisdictional defect sufficient to invoke the provisions of CPLR 5015 (a) (4) (*see, Matter of Fieser v Board of Assessors*, 24 AD2d 1045, *affg Matter of Magee v Board of Assessors*, 49 Misc 2d 499). Because this is a recurring problem, however, we reiterate the following rules to apply in cases in which taxpayers do not timely comply with the provisions of RPTL 708 (3). If a taxpayer does not timely serve the petition on a school district, the taxing authority may move to dismiss the proceeding if it raises the issue in its answer or makes a timely motion. If it does not, then the taxing authority waives any objection to late service (*see, Matter of First Source Fed. Credit Union v Stuhlman*, 275 AD2d 908). If the school district is never served before trial or settlement, then it is not required to refund any back taxes (*see, Matter of First Source Fed. Credit Union v Stuhlman*, 267 AD2d 1026, *lv denied* 95 NY2d 758). If the school district is not timely served, it must intervene in the

proceeding and move to dismiss the petition. Failure to do so constitutes a waiver, and the school district must refund any back taxes directed by the court, whether pursuant to trial or settlement. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—RPTL.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.