OPINION OF THE COURT
Thomas J. McNamara, J.
In this special proceeding to challenge a tax assessment, *846 respondents have moved to dismiss the petition on the ground that petitioner failed to mail copies of the notice of petition and petition to the proper school district. Petitioner has opposed the motion and made a cross motion for an order granting a six-month period to commence a new action.
Real Property Tax Law § 708 (3) requires that a copy of the notice of petition and petition be mailed to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located within 10 days from,the date of service of the petition on the assessor. The real property involved here is located in the Town of Colonie and entirely within the North Colonie Central School District. The notice of petition and petition was mailed to the Enlarged City School District of Watervliet but was not mailed to the appropriate school district within the required time.
Petitioner argues that the motion to dismiss should be denied as untimely. Under CPLR 3211 (e), an objection that the notice of petition and petition was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within 60 days after serving the pleading. No answer was served in this proceeding but, in a proceeding to review an assessment of real property, if a respondent fails to serve an answer at least five days prior to the return date of the petition, all allegations of the petition are deemed denied (Real Property Tax Law § 712 [1]). The statute also provides that no motion to dismiss shall be denied on the ground that an answer has been deemed made (Real Property Tax Law § 712 [1]).
In Matter of Abramov v Board of Assessors (257 AD2d 958), respondents’ answer was deemed made and they waited until five months after the return date of the petition to move for dismissal based upon the Statute of Limitations. Though a defense based on the Statute of Limitations is waived if it is not preserved in the answer or a motion made prior to the time to answer, the court, interpreting the no dismissal provision in Real Property Tax Law § 712 (1), held that the defense was not waived. In effect, when no answer is served, the no dismissal provision relieves the respondent of the negative consequences of failing to plead a defense. Applying that principal to the facts here, the objection to the failure to serve the school board is not waived by failing to preserve it in an answer. Respondents, however, are not thereby excused from the ancillary *847 requirement that a motion to dismiss for lack of proper service be made within 60 days after serving the pleading which preserves the objection (see, Matter of Brookview Apts. v Stuhlman, 278 AD2d 351 [where taxpayer does not timely serve the petition on a school district, the taxing authority may move to dismiss the proceeding if it raises the issue in its answer or makes a timely motion]).
As noted above, an answer in a real property assessment proceeding, if provided, must be served at least five days before the return date of the petition. The petition in this matter was returnable on August 25, 2000 and the motion to dismiss was made on October 30, 2000. Even assuming August 25, 2000 as the date the answer is deemed made, the motion to dismiss was not made within the required 60-day period. Accordingly, the motion to dismiss for failure to serve the school board is denied. The cross motion is denied as moot.