[736 NYS2d 539]

In the Matter of VILLAGE SQUARE OF PENNA, INC., Respondent,
v CHRIS SEMON, as Assessor of the Town of Colonie, et al.,
Appellants.

Third Department, January 24, 2002

APPEARANCES OF COUNSEL

*Tabner, Ryan & Keniry,* Albany (*William F. Ryan, Jr.,* of counsel), for appellants.

*Bond, Schoeneck & King LLP,* Albany (*Mary Ellen Ladouceur* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

Petitioner commenced this proceeding to challenge the tax assessment on real property located in the Town of Colonie, Albany County. It is undisputed that the notice of petition and petition were filed in the Albany County Clerk's office on July 28, 2000 and served upon the Clerk of the Town of Colonie on July 31, 2000. Through error, however, petitioner failed to mail a copy of the notice of petition and petition to the Superintendent of Schools of the North Colonie Central School District, the school district within which the property is wholly situated, as required by RPTL 708 (3). Respondents, comprising the Town's Assessor and Board of Assessment Review, did not serve an answer but, on October 30, 2000, moved to dismiss the petition based on petitioner's failure to provide the required notice to the School District.* Supreme Court concluded that, by failing to move within 60 days following the time for service of an answer (*see,* CPLR 3211 [e]), respondents waived their right to assert the jurisdictional issue (187 Misc 2d 845, 846-847). Supreme Court accordingly denied the motion (*id.*). Respondents appeal.

We affirm, but for a reason entirely different than that relied upon by Supreme Court. Resolution of the question of whether respondents moved to dismiss the proceeding within the applicable time limitations implicates the rather clumsy interplay of several statutory provisions, including (1) the recently enacted provision of RPTL 708 (3) that "[f]ailure to [mail a copy of the notice of petition and petition to the Superintendent of Schools] shall result in the dismissal of the petition, unless excused for good cause shown" (*see,* L 1996, ch 503, § 1), (2) the provisions of RPTL 712 (1) that "if the respondent fails to serve [an] answer * * * all allegations of the petition shall be deemed denied" and that "[a] motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made," and (3) the provisions of CPLR 3211 (e)

---

* The School District took no part in the motion to dismiss or the current appeal.

that a motion to dismiss may be made "[a]t any time before service of the responsive pleading is required" and that "an objection that the * * * notice of petition and petition was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship." Because the time allowed for a motion to dismiss is generally tied to the time allowed for service of a responsive pleading, eliminating the need to serve an answer tends to obscure the timeliness issue. The situation is further exacerbated by the fact that "jurisdiction" over a school district in a tax certiorari proceeding is itself a fairly nebulous concept. Notably, the mailing of a copy of the notice of petition and petition to a school district does not commence the proceeding, does not of itself constitute "service," and is, in fact, insufficient to confer party status upon a school district (see, RPTL 708 [3]; cf., Matter of Liberty Mgt. of N.Y. v Assessor of Town of Glenville, 284 AD2d 61, 64 [party status obtained by a school district's subsequent service of a verified answer or notice of appearance]).

Nonetheless, we disagree with Supreme Court's conclusion that the timeliness issue is governed by the 60-day waiver provision of CPLR 3211 (e), which is, by the express language employed in that statute, limited to situations where the objection to improper service has been first raised in a pleading. In this case, respondents served no pleading and even their deemed denials raised no issue concerning petitioner's failure to mail a copy of the notice of petition and petition to the School District. The decision of the Fourth Department in Matter of Brookview Apts. v Stuhlman (278 AD2d 825), which Supreme Court cites as authority for its conclusion, offers no assistance. To the contrary, that case focuses on the remedies to be pursued by a school district claiming untimely "service" of the notice of petition and petition upon it and merely states in dictum that a taxing authority seeking to dismiss a tax certiorari proceeding based upon untimely "service" of the notice of petition and petition upon a school district, as in this case, may do so only "if it raises the issue in its answer or makes a timely motion" (id., at 826). No guidance is offered as to the manner of fixing the time for making such a motion and, in fact, the case cited by the Fourth Department, Matter of First Source Fed. Credit Union v Stuhlman (275 AD2d 908), deals not with timeliness but, rather, with a taxing authority's

complete failure to raise the issue of lack of notice to a school district at any time prior to judgment.

At least two Third Department cases have explored the appropriate limitations period for a taxing authority's motion to dismiss a tax certiorari proceeding, although neither of them involved the petitioner's failure to place the appropriate school district on notice. In *Matter of Abramov v Board of Assessors, Town of Hurley* (257 AD2d 958, *lv denied* 93 NY2d 813), this Court held that a motion to dismiss made five months after the return date of the petition was timely. In so doing, we relied on the language of RPTL 712 (1), that "[a] motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made," for the conclusion that taxing authorities are not bound by the requirement of CPLR 3211 (e) that a motion to dismiss be made prior to the time in which to serve an answer (*id.*, at 960). This Court applied the same rationale in *Matter of Rosen v Assessor of City of Troy* (261 AD2d 9) in upholding the trial court's grant of a taxing authority's motion to dismiss made four months after the commencement of the tax certiorari proceeding. In neither of those cases did this Court give any suggestion that the 60-day time limitation of CPLR 3211 (e) was implicated. Based on our own prior authority, we have no difficulty reaching the conclusion that the present motion, made less than three months following commencement of the proceeding, was not untimely and should not have been dismissed on that basis (*see, Matter of Rosen v Assessor of City of Troy, supra; Matter of Abramov v Board of Assessors, Town of Hurley, supra*).

The next question, obviated by Supreme Court's analysis, is whether petitioner has shown good cause for excusing its failure to comply with the requirement of RPTL 708 (3) that it mail a copy of the notice of petition and petition to the School District within 10 days following service on the taxing authority. According to the affidavit of a paralegal employed by petitioner's counsel, the Complaint on Real Property Assessment form filed with the Town's Board of Assessment Review correctly identified "North Colonie Central Schools" as the appropriate school district, that within a period of approximately one week following the filing of that form, a representative of the Town Assessor's office telephoned petitioner's counsel and left a voice mail message indicating that the school district set forth on the form was incorrect and should be the Watervliet School District, that counsel's records were accordingly amended, and that, following commencement of this proceed-

ing, a copy of the notice of petition and petition was therefore erroneously mailed to the Superintendent of Schools of the Watervliet School District. Considering that the error resulted from respondents' own conduct, caused no discernible prejudice and was uncovered within a relatively brief period of time, we conclude that the requisite good cause has been shown. This is particularly so, in a case such as this one, where a failure is prompted by conduct of the taxing authority who then seeks to profit from a petitioner's failure to provide timely notice to an entirely separate entity.

PETERS, MUGGLIN, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is affirmed, with costs.