[738 NYS2d 388]

In the Matter of MACY'S PRIMARY REAL ESTATE, INC., Respondent, v ASSESSOR OF CITY OF WHITE PLAINS et al., Respondents. WHITE PLAINS CITY SCHOOL DISTRICT, Intervenor-Appellant.

Second Department, March 4, 2002

### APPEARANCES OF COUNSEL

*Plunkett & Jaffe, P.C.,* White Plains (*Marc E. Sharff* of counsel), for intervenor-appellant.

*Stephen P. Kramer,* New York City, for respondent.

*John E. Watkins, Jr.,* White Plains (*Liane V. Watkins* of counsel), for respondents.

### OPINION OF THE COURT

GOLDSTEIN, J.

At issue here is whether two judgments, each entered August 12, 1999, reducing the real estate tax assessments of the petitioner's properties for the tax years 1995, 1996, 1997, and 1998, and directing a refund of tax paid in those years, are enforceable against the appellant White Plains City School District. We hold that they are not, owing to the petitioner's failure to comply with RPTL 708 (3).

The petitioner challenged real estate tax assessments for the tax years 1995, 1996, 1997, and 1998, in four separate tax certiorari proceedings, commenced in 1995, 1996, 1997, and 1998, respectively. In 1999, the petitioner and the respondents Assessor of the City of White Plains, Board of Assessment Review of the City of White Plains, and the City of White Plains (hereinafter referred to collectively as the City of White Plains), entered into a stipulation of settlement. The terms of that stipulation were incorporated into two judgments, each entered August 12, 1999. On or about September 1, 1999, the petitioner served copies of the judgments, with notice of entry and demands for refunds, upon, among others, the appellant.

By order to show cause dated September 29, 1999, the appellant moved for leave to intervene in the tax certiorari proceedings for the purpose of seeking an injunction, barring enforcement of the judgments against it on the ground that the petitions in all four tax certiorari proceedings "were never sent to or served upon the School District." In support of its application, the appellant cited RPTL 708 (3), as amended, which requires that a petitioner in a tax certiorari proceeding mail

the petition with notice to an affected school district within 10 days of service of the petition upon the respondents. Effective January 1, 1996, that provision was amended to provide that failure to comply "with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown" (L 1996, ch 503). The appellant argued that, since it never was served with notice of the proceedings while they were pending, "there is technically nothing to dismiss, at least against the School District."

The petitioner did not dispute that it failed to notify the appellant of the proceedings, nor did it set forth a reasonable excuse for its failure to do so. Rather, it cross-moved for an order, in effect, dispensing with the requirements of RPTL 708 (3) altogether, by "deeming the petitions mailed within 10 days of service nunc pro tunc."

The City of White Plains "[took] no position" with respect to the appellant's application.

The Supreme Court, in the determination under review, held that "[i]t is conceded that petitioner did not make the required mailing under any of the versions of the statute." Accepting the petitioner's argument that compliance with RPTL 708 (3) could be dispensed with, the Supreme Court deemed "the petitions and notices herein * * * timely served upon the School District, nunc pro tunc, the totality of the circumstances showing good cause for the granting of this relief (RPTL 708 [3])." Its finding of "good cause" was not based upon a reasonable excuse for the petitioner's failure to comply with RPTL 708 (3), but rather, upon a legal conclusion that the Legislature has granted school districts no voice in the real estate tax assessment process, and no right to be involved in settlement discussions.

The conclusion of the Supreme Court, that compliance with RPTL 708 (3) is merely precatory, is not supported by the plain language of the statute or its legislative history.

RPTL former 708 (3), in effect when the the petitioner commenced the first of these proceedings in 1995, mandated mailing of the petition to the clerk of the school district within 10 days of service. However, the statute made no provision for a remedy for failure to comply (see, Matter of Rapone v Shokey, 43 Misc 2d 87).

Pursuant to RPTL former 708 (3), untimely compliance did not warrant dismissal (see, Matter of Magee v Board of Assessors of Town of Nelson, 49 Misc 2d 499, affd sub nom. Matter of

*Fieser v Board of Assessors of Town of Nelson,* 24 AD2d 1045 [on op at Special Term]). In *Matter of Xerox Corp. v Sanger* (79 Misc 2d 480, 483), cited by this Court with approval in *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven* (246 AD2d 156, 165), the court authorized late compliance, on the ground that "no substantial right of the school district will be prejudiced by permitting mailing * * * at this time. Nothing has occurred in these proceedings."

However, where compliance with RPTL former 708 (3) occurred one day before the proceeding was settled, the Appellate Division, Third Department, in *Matter of Stanford Assoc. v Board of Assessors of Town of Niskayuna* (39 AD2d 800, 801), cited with approval in *Plantech Hous. v Conlan* (74 AD2d 920), held that the stipulation "should not be binding" on the school district, since the school district was entitled to be heard. Accordingly, compliance with RPTL former 708 (3) was not precatory, and the provision granted school districts a substantial right.

In 1995, the Legislature amended RPTL 708 (3), effective January 1, 1996, to provide that an "affected school board shall be deemed a necessary party" (L 1995, ch 693, § 1). In his memorandum in support, Senator Joseph R. Holland noted that school districts needed a stronger voice in tax certiorari proceedings, since such proceedings "can drastically and unexpectedly reduce the budgeted revenue source of a school district if the property owners are successful in having their assessments reduced" (Mem of Senator Holland, L 1995, ch 693, 1995 NY Legis Ann, at 533).

In 1996, this amendment was repealed, retroactive to January 1, 1996, to delete the provision requiring that school districts be parties to tax certiorari proceedings (L 1996, ch 503). Instead, the amended version required mailing to the superintendent of schools and filing of proof of mailing in court within 10 days of the mailing, and further provided: "Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown." In the same chapter, the Legislature added RPTL 712 (2-a), to provide that a school district may become a party to a tax certiorari proceeding by serving a verified answer or a notice of appearance on the petitioner and the respondent.

The Appellate Division, Third Department, in *Matter of Liberty Mgt. of N.Y. v Assessor of Town of Glenville* (284 AD2d 61, 63), held that a school district that participates in the tax certiorari proceeding "enjoys the same status and possesses the

same rights as the other parties," including the right to veto any settlement.

Under the new statutory scheme, the City of White Plains could have moved to dismiss, based upon a failure to mail notice to the school district (*see, Matter of Younan v City of Rome Assessor,* 256 AD2d 1122). It waived any right to seek dismissal on that ground, by failing to raise the lack of notice to the school district in its answer or by motion to dismiss (*see, Matter of First Source Fed. Credit Union v Stuhlman,* 275 AD2d 908), and by taking no position with respect to the appellant's contentions in the Supreme Court.

However, the waiver by the City of White Plains is not attributable to the school district (*see, Matter of First Source Fed. Credit Union v Stuhlman,* 267 AD2d 1026, 1027). In *Matter of First Source Fed. Credit Union v Stuhlman (supra),* the petitions were served upon the school district in a manner which did not comply with RPTL 708 (3). The Assessor did not raise this defect in his answer or by motion to dismiss, and therefore waived the defect (*see, Matter of First Source Fed. Credit Union v Stuhlman,* 275 AD2d 908). However, the school district's motion to dismiss the petitions as against it was granted (*see, Matter of First Source Fed. Credit Union v Stuhlman,* 267 AD2d 1026, *supra*).

The *First Source Fed. Credit Union* cases dealt with improper service upon the school district. In the instant case, on the other hand, there was no service at all. In *Matter of Brookview Apts. v Stuhlman* (278 AD2d 825, 826), the Appellate Division, Fourth Department, held that "[i]f the school district is never served before trial or settlement, then it is not required to refund any back taxes" (*Matter of Brookview Apts. v Stuhlman, supra* at 826).

In the instant case, the school district was admittedly never served with notice before a settlement was reached and final judgments entered. Under the circumstances, the school district is not bound by the settlement or the judgments, either under the 1995 version of RPTL 708 (3) or the 1996 version of RPTL 708 (3) (*see, Matter of Brookview Apts. v Stuhlman, supra; Matter of Stanford Assoc. v Board of Assessors of Town of Niskayuna,* 39 AD2d 800, *supra*).

The proceedings have been concluded by entry of final judgment (*see, Teitelbaum Holdings v Gold,* 48 NY2d 51), without notice to the appellant pursuant to RPTL 708 (3). Dismissal of the proceedings insofar as asserted against the appellant is unnecessary, since the appellant was never a party to the proceedings while they were pending.

In view of the foregoing, the appellant was entitled to injunctive relief, barring enforcement of the judgments against it. Accordingly, the order is reversed insofar as appealed from, that branch of the appellant's motion which was to enjoin the petitioner from enforcing against it two judgments of the same court, both entered August 12, 1999, directing the appellant to refund taxes paid by the petitioner in accordance with the reduced assessment values contained therein is granted, and the cross motion is denied.

SANTUCCI, J.P., MCGINITY and CRANE, JJ., concur.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable to the appellant by the petitioner, that branch of the appellant's motion which was to enjoin the petitioner from enforcing against it two judgments of the same court, both entered August 12, 1999, directing the appellant to refund taxes paid by the petitioner in accordance with the reduced assessment values contained therein is granted, and the cross motion is denied.