■ In the Matter of MM 1, LLC, Respondent-Appellant, v SHERRY LaVANCHER, Assessor of Town of Onondaga, et al., Appellants-Respondents, and LaFAYETTE CENTRAL SCHOOL DISTRICT, Intervenor-Appellant-Respondent. [899 NYS2d 774]—

Appeals and cross appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 20, 2009 in a proceeding pursuant to RPTL article 7. The order, inter alia, dismissed the petition with permission to petitioner to commence a new proceeding pursuant to CPLR 205 within six months after termination of the proceeding.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to RPTL article 7 challenging its real property tax assessment. Supreme Court granted the motion of intervenor-respondent LaFayette Central School District (District) and the cross motion of respondents Sherry LaVancher, Assessor of Town of Onondaga, and Board of Assessment Review for Town of Onondaga (collectively, Town respondents) "to the extent that they seek dismissal of the [p]etition pursuant to [RPTL 708 (3)] . . . with permission for [p]etitioner to commence a new proceeding within six months . . . pursuant to CPLR 205." We affirm. Addressing first petitioner's cross appeal, we reject the contention of petitioner that the court erred in dismissing the petition based on its failure to mail a copy of the petition and notice to the superintendent of schools of the District as required by RPTL 708 (3) (*see Matter of Gatsby Indus. Real Estate, Inc. v Fox*, 45 AD3d 1480 [2007]).

We reject the contention of the District and the Town respondents on appeal that the court erred in granting petitioner permission to commence a new proceeding pursuant to CPLR 205 (a). That statute provides that "if [a proceeding] is timely commenced and is terminated in any other manner than by . . . a failure to obtain personal jurisdiction over the [respondent] . . . , the plaintiff . . . may commence a new [proceeding] upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new [proceeding] would have been timely commenced at the time of commencement of the prior action and that service upon [respondent] is effected within such six-month period." Here, the original proceeding was timely commenced (*see id.*), and the Town respondents were properly served with process. Contrary to the contention of the District and the Town respondents, petitioner's failure to mail a copy of the petition and notice to the District as required by RPTL 708 (3) is not a jurisdictional defect (*see Matter of Brookview Apts. v Stuhlman*,

278 AD2d 825, 826 [2000]). That mailing "does not of itself constitute 'service,' and is, in fact, insufficient to confer party status upon a school district" (*Matter of Village Sq. of Penna v Semon*, 290 AD2d 184, 186 [2002], *lv dismissed* 98 NY2d 647 [2002]). We reject the District's further contention that the application of CPLR 205 (a) in the context of a proceeding pursuant to RPTL article 7 would unlawfully extend the 30-day period of limitations for the commencement of such a proceeding (*see* RPTL 702 [2]; *see generally Gaines v City of New York*, 215 NY 533, 539 [1915]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.