OPINION OF THE COURT
John R. LaCava, J.
In this RPTL article 7 tax certiorari proceeding, respondent seeks an order dismissing the petitions filed by petitioner Stop & Shop Companies, Inc. (S & S) challenging the assessments for property of which it is a fractional lessee, for the tax years 2005 through and including 2008, said property identified on the tax map of the City as block 310, lot 20, otherwise known as “The Palmer Center,” and known as and located at 2425 Palmer Avenue, New Rochelle, New York. Respondent asserts a lack of standing by S & S owing to its failure to secure permission pursuant to RPTL 704 from the true owner of the said premises, Palmer-Petersville Associates LP (Palmer), prior to service upon respondent of the petitions for the several tax years at issue herein.
In an agreement dated August 22, 1996, petitioner’s predecessor in interest, Shaw’s Supermarkets, Inc. (Shaw’s), entered into a leasehold with Palmer’s predecessor in interest, North-star Property Management Company, Inc. (Northstar). Subsequently, the lease was amended by those parties several times, and eventually (on May 1, 1997) it was assigned by Northstar to Palmer. Subsequently, on April 27, 1998, Shaw’s assigned its interest in the lease to petitioner, and said lease was later amended by petitioner and Palmer to increase the leasehold *498 area. In 2005, petitioner commenced the instant article 7 proceeding, seeking assessment reduction for that year. Petitions were similarly filed in the three succeeding years (2006, 2007, and 2008). In each case, appended to each petition, was an authorization from Teresa Canata, who identified herself as the tax supervisor for petitioner. Each authorization purported to apply to the entire tax parcel at issue (i.e., petitioner’s leasehold interest, as well as Palmer’s interest unrelated to the leasehold). In no case was an authorization from Palmer itself presented or appended to the petitions.
Respondent now moves to dismiss the instant petitions pursuant to CPLR 3211 (a) (3), asserting that, pursuant to RPTL 704 and 706, petitioner does not have the legal capacity to sue (i.e. has no standing) since it is not an “aggrieved party.” Respondent asserts that Palmer is the aggrieved party in this matter and that the petitions, brought in its own individual name, and not in the name of the true owner (Palmer), were and are defective. Petitioner argues that, while S & S is not the owner of the premises but instead a fractional lessee, nevertheless it has authority under the lease to commence article 7 proceedings challenging the real property taxes placed on the premises, and therefore actually is an aggrieved party.
Respondent’s Motion to Dismiss Pursuant to CPLR 3211
A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 on the grounds set forth therein bears the initial burden of proving, prima facie, that the condition or status asserted actually exists (cf. Gravel v Cicola, 297 AD2d 620 [2d Dept 2002], citing Duran v Mendez, 277 AD2d 348 [2d Dept 2000] [party asserting statute of limitations must demonstrate the expiration of the hmitations period]). The burden then shifts to a plaintiff to aver evidentiary facts establishing that its cause of action falls within an exception to the statute, or to raise an issue of fact as to whether such an exception applies (Gravel at 621, citing Duran, supra [regarding the statute of limitations defense]).
Here, respondent has argued, in essence, that petitioner lacked the capacity to bring petitions for the tax years 2005, 2006, 2007, and 2008 in its own name, since the instant property was actually owned by another entity (Palmer). In Matter of Waldbaum, Inc. v Finance Adm’r of City of N.Y. (74 NY2d 128 [1989]), petitioner, a fractional lessee, commenced a tax challenge with respect to its leasehold which constituted a substan *499 tial portion of a shopping center. The lease did not obligate the petitioner to pay the property taxes, although its rent was subject to increase based on a pro rata share of the tax increases for the parcel as a whole. Upon a motion to dismiss for lack of standing, the trial court (132 Misc 2d 364 [1986]) and the Appellate Division (141 AD2d 10 [1988]) both found that petitioner was an aggrieved party. The Court of Appeals, however, reversed, finding that a fractional lessee lacks standing to bring a tax challenge unless it either has an express grant of authority under the lease to commence such proceedings or unless it is required to directly pay the taxes on the entire parcel, and, in either instance, unless the tax assessment also has a direct and adverse effect on the lessee’s pecuniary interests. Respondent asserts (and S & S concedes) that the latter does not pay the taxes on the entire parcel directly; respondent also argues (but S & S contests) that the latter also does not have an express grant of authority to contest the assessment under the lease.
Is the Motion to Dismiss Timely?
As a threshold issue, however, the court notes that motions under CPLR 3211 (a) (3) generally must be brought within a certain period of time or they are waived. CPLR 3211 (e) provides:
“(e) Number, time and waiver of objections; motion to plead over. At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) is waived unless raised either by such motion or in the responsive pleading.”
Respondent argues that, notwithstanding the language of section 3211 (e), its motion to dismiss for lack of standing is still timely, citing to Matter of Landesman v Whitton (46 AD3d 827 [2d Dept 2007]). In Landesman, petitioner failed to properly mail notice of the proceedings and the petition to the superintendent of schools of the affected school district. Before the trial court, respondent district sought dismissal for such failure, moving pursuant to RPTL 708 (3). Petitioner opposed the motion, arguing inter alia that the motion was untimely pursuant to CPLR 3211 (e). The trial court dismissed the petitions, holding that RPTL 708 (3) required the timely service of the superintendent, and further noted
*500 “ ‘As to the issue of the timeliness of Respondent’s Motion to Dismiss, it is clear that the courts have not required a municipality in a tax certiorari proceeding to make a motion to dismiss within the same CPLR § 3211(e) 60-day time constraint as in other types of actions [See e.g., Village Square of Penna, Inc. v. Semon, 290 AD2d 184, 736 NYS2d 539, 541 (3d Dept. 2002), lv. app. dis. 98 NY2d 647 (2002) . . .’].” (13 Misc 3d 1216[A], 2006 NY Slip Op 51847[U], *4 [Sup Ct, Dutchess County 2006].)
The Second Department affirmed, noting that RPTL 708 (3) does indeed require such service, and the failure to so serve requires dismissal of the petitions. On the issue of the applicability of CPLR 3211 (e) to the motion to dismiss, the Court stated:
“Since RPTL 712 (1) states that if no answer is served, ‘all allegations of the petition shall be deemed denied,’ no answer was required. Therefore, CPLR 3211 (e) does not apply to a tax certiorari proceeding (see Matter of Village Sq. of Penna v Semon, 290 AD2d 184, 186 [2002]).” (46 AD3d at 828.)
Thus, while the trial court held that, on authority of Matter of Village Sq. of Penna v Semon (290 AD2d 184 [2002]), the 60-day time constraint under CPLR 3211 (e) did not apply to tax certiorari actions, the Second Department, while affirming, cited the same authority to hold that CPLR 3211 (e) did not apply at all to tax certiorari actions.
In Matter of Village Square, the Third Department performed an extensive analysis of
“the rather clumsy interplay of several statutory provisions, including (1) the recently enacted provision of RPTL 708 (3) that ‘[fjailure to [mail a copy of the notice of petition and petition to the Superintendent of Schools] shall result in the dismissal of the petition, unless excused for good cause shown’ (see, L 1996, ch 503, § 1), (2) the provisions of RPTL 712 (1) that ‘if the respondent fails to serve [an] answer ... all allegations of the petition shall be deemed denied’ and that ‘[a] motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made,’ and (3) the provisions of CPLR 3211 (e) that a motion to dismiss may be made ‘[a]t any time before service of the responsive pleading is required’ and that ‘an objection that the . . . notice of petition and petition was *501 not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship.’ ” (290 AD2d at 185-186.)
The Village Square Court noted two other Third Department cases — Matter of Abramov v Board of Assessors, Town of Hurley (257 AD2d 958 [3d Dept 1999]) and Matter of Rosen v Assessor of City of Troy (261 AD2d 9 [3d Dept 1999]) — each of which assumed the applicability of CPLR 3211 (e) generally to RPTL article 7 matters, but not specifically the 60-day limitation for motions to dismiss. In particular, they held that while RPTL 712 relieved the municipality of the duty of answering, and thus obviated its need to move to dismiss prior to answering, waiver of the defenses noted in CPLR 3211 (a) might still occur where the delay in moving to dismiss caused prejudice to the petitioner. In neither case did prejudice attach, however, since the delay was only a matter of five months and four months respectively; and the Village Square Court noted that the delay in moving in the latter case was similarly short (three months), and thus the motion was timely.
That is not the case, however, with the instant matter, which is much more similar to Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam (298 AD2d 667 [3d Dept 2002]). There, petitioner had filed petitions challenging tax years 1994 through 1997 against the Town of Potsdam, and tax years 1995, 1997 and 1998 against the Village of Potsdam, which matters were consolidated for trial. After the trial of the matter, and some four years after the challenges had been commenced, respondent moved to dismiss for failure to timely commence the 1997 town matter. The trial court denied the motion as untimely under CPLR 3211 (e), and the Third Department affirmed, holding that “that defense [of statute of limitations] can be waived if it is not pursued sufficiently early in the proceeding to prevent prejudice to the petitioner.” (298 AD2d at 669.)
This court also notes that the trial court and the Second Department in Landesman had before them a motion to dismiss under CPLR 3211 (a) (8) for lack of personal jurisdiction (i.e. the failure to serve the school superintendent), while in the instant matter the motion was to dismiss for lack of legal capacity to sue under section 3211 (a) (3). The Second Department has recently clarified, in Matter of Consolidated Edison Co. of *502 N.Y., Inc. v Assessor & Bd. of Assessment Review for the Town of Pleasant Val. (82 AD3d 761 [2d Dept 2011]), that RPTL 708 (3) is a notice statute, rather than one conferring personal jurisdiction upon service. Hence, a motion to dismiss cannot (and could not in Landesman) properly be made under CPLR 3211 (a) (8) for lack of personal jurisdiction, for failure to properly serve notice under RPTL 708 (3), and thus it is not at all remarkable that the Landesman Court would hold that CPLR 3211 (e) was inapplicable to such a motion.
The respondent here asserts that, as a fractional lessee, petitioner is barred (except under narrow circumstances) from commencing the instant proceeding. However, the court is well aware that the motion made by respondent to dismiss for lack of standing was made not only on the eve of trial, but was made some five years at most, and some 2V2 years at least, from the commencement of the proceeding. Further, the court has little doubt that respondent was aware that the proceeding had been commenced by a party who was not the owner of the premises, since the named petitioner was not the named owner in the tax records of respondent City.
As this court also noted in Shoecraft v Town of N. Salem (24 Misc 3d 1233[A], 2009 NY Slip Op 51737[U], *6 [Sup Ct, Westchester County 2009])
“The Court, finally, is also cognizant of the timing of the respondent’s motion to dismiss. Respondents assert surprise in discovering, during petitioner’s testimony, that she was not the owner of the premises during the tax years at issue, but a lessee, and a General Partner, of the actual owning entity, AKA. However, it appears uncontested that the tax bills for the years at issue were paid to the Town, in a timely fashion, by AKA, not by petitioner individually, and also that the action, since its commencement, was in the name of petitioner in her individual capacity. Having been apprised of the inconsistency (i.e. the apparent disagreement between the tax rolls, the payer of the taxes, and the party challenging the assessment), as early as the filing of the first petition in 2005, it appears that respondent waited until the time of trial to challenge petitioner’s status as an aggrieved party; ‘such waiting suggests gamesmanship, and effected a waiver of their right’ to challenge her status and the petitions in any event (c.f. U.S. Postal Service v. Town of *503 Bedford, Supreme Court, Westchester County, LaCava, J., March 26, 2008; Ames Dept. Stores v. Assessor, 102 AD2d 9, 476 NYS2d 222 [4th Dept. 1984]).”
The persuasive Third Department authority (one of which cases, Village Square, was cited with approval by the Second Department in Landesman, and again this year in Consolidated Edison v Pleasant Val. [supra]) is that, while RPTL 712 relieves a respondent from the duty of answering, and thus abrogates the duty to move within the 60-day period set forth in CPLR 3211 (e), it does not bar a petitioner from objecting to generally untimely motions to dismiss pursuant to CPLR 3211 (a), where such dilatory behavior worked to prejudice the petitioner. Here, where respondent was surely aware that a nonowner had commenced the instant proceedings; where many years had passed from the commencement of the proceeding; and where respondent failed to move until the very eve of trial, this court has no problem finding that respondent prejudiced petitioner by moving for dismissal on standing grounds at this late date, and that such motion should be denied as untimely.
Stop & Shop is an Aggrieved Party
In any event, as noted above, the burden in the first instance is upon respondent to establish petitioner’s lack of capacity to sue. However, respondent’s central assertions regarding the status of S & S with respect to its rights to challenge the tax assessment are not borne out by the record as argued by the City. The only proof before the court as to S & S’s right to commence article 7 proceedings is contained in section 19.6 of the lease between the parties. The lease provides
“Section 19.6 Abatement proceedings: Upon written request of Tenant, Landlord shall commence and/or prosecute any proceeding, action, and/or application for abatement, review, contest, or appeal of any assessment for Real Estate Taxes and/or the validity thereof, or at Tenant’s request shall permit Tenant to do so in its and/or the name of the Landlord . . ..” (Lease at 66.)
The use of the mandatory word “shall” twice to denote that S & S may require owner Palmer to commence an article 7 proceeding, or to consent to commencement of such a proceeding by S & S in its own name (or indeed in Palmer’s name), clearly means that the lease confers on S & S the unfettered right to commence the proceeding or to have it commenced on *504 its behalf. The record reflects that in a chain of correspondence landlord’s consent to S & S’s commencement of the instant petitions was clearly indicated. As such, and pursuant to Waldbaum (supra), S & S is itself an aggrieved party, and fully empowered to commence the instant proceeding on its own behalf (see RPTL 704 [2]; 706 [1]). While respondent argues that S & S failed to request commencement of the instant proceeding by Palmer in writing (as provided for elsewhere in the lease), or that Palmer belatedly conferred its consent to the action upon S & S, such issues relate solely to petitioner’s actions to enforce its rights under the contract, and are separate and apart from its clear rights under the lease to institute proceedings as required by Waldbaum to establish standing. Thus, such arguments fail to meet respondent’s burden to establish petitioner’s lack of capacity to sue.
As this court also noted in Shoecraft (2009 NY Slip Op 51737[U], *4-5)
“The Court of Appeals also cited to Rotblit v. Board of Assessors and/or Board of Assessment Review, 121 AD2d 727 (2nd Dept. 1986), another case involving an Article 7 action being brought in the name of a former owner. There, the Court stated “ ‘Under such circumstances, Special Term appropriately deemed the defect in those petitions “technical” rather than “jurisdictional”, and permitted the names of the record owners to be substituted for that of Max Rotblit. “ ‘The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality’ ” (Matter of Great Eastern Mall v Condon, 36 NY2d 544, 548, quoting from People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9). Like an omitted authorization by the petitioner, a defect with respect to the name of the petitioner, where there is proper authorization by the appropriate individual, is a “technical defect which should not operate to bar the proceedings” (Bergman v Horne, 100 AD2d 526, 527). The appellant “received ‘adequate notice of the commencement of the proceeding’, and . . . [no] substantial right of the [appellant] would . . . ‘be prejudiced by disregarding the defect’ and the misnomer may thus be properly cured by amend *505 ment of the petitions (see, National Bank v State Tax Commn., 106 AD2d 377, 378).’
“(See also EFCO Products v. Cullen, 161 AD2d 44 [2nd Dept., 1990], where error in failing to bring Article 7 action in name of true owner was deemed ‘not fatal’ and correctable by amendment).
“Petitioners, as did the Second Department in Rotblit, also properly cite to Great Eastern Mall, Inc. v. Condon, 36 NY2d 544, 548 (1975). There, the Court addressed a petition which improperly named several of the respondents against whom the petition had been brought. Respondents sought dismissal as in violation of RPTL § 704 (1); the Court, however, held
“ ‘The position taken by respondents is that the failure of petitioners to comply with this technical pleading requirement of subdivision 2 of section 704 renders the petitions jurisdictionally defective and should result in a dismissal. We refuse to adopt such a harsh and outmoded view of pleading and procedure. The dual legal concepts that mere technical defects in pleadings should not defeat otherwise meritorious claims, and that substance should be preferred over form, are hardly novel. Nor should the fact that this is a proceeding to review a tax assessment require application of a different rule. As we said some years ago, ‘[the] Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality.’ (People ex rel. New York City Omnibus Corp. v Miller, 282 N Y 5, 9). Indeed, that view is mandated by CPLR 2001 and 3026, which are applicable to these article 7 proceedings.’ ” (See also Waldbaum, 74 NY2d at 133 [“(t)he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality” (comparing the naming of an improper party to a simple misnomer)].)
Conclusion
Here, notwithstanding its status as a fractional lessee, Stop & Shop filed RPTL article 7 petitions on its own behalf challeng *506 ing the assessments in all of the tax years from 2005 through and including 2008, as was its right under the lease. The City of New Rochelle, despite being presented with petitions from someone other than the owner challenging the assessments each year, waited between 2V2 and 5 years before seeking to dismiss the petitions, and filed its motion barely one month prior to the trial of the four years of petitions. Such motion was clearly grossly untimely and prejudicial, but, even if it were deemed to have been timely brought, petitioner nevertheless had the right under the lease to commence the actions. Respondent thus failed to demonstrate that petitioner was not an aggrieved party and therefore lacked standing to commence these actions.
Based upon the foregoing motion, it is hereby ordered, that the motion by respondent to dismiss for lack of standing, is denied.