Matter of DP Fuller Family LP v City of Canandaigua (2022 NY Slip Op 04497)

Matter of DP Fuller Family LP v City of Canandaigua

2022 NY Slip Op 04497

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

520 CA 21-00102

[*1]IN THE MATTER OF DP FULLER FAMILY LP, PETITIONER-APPELLANT,
v
CITY OF CANANDAIGUA, BOARD OF ASSESSMENT REVIEW FOR CITY OF CANANDAIGUA, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENT. (APPEAL NO. 1.) 

BIERSDORF & ASSOCIATES, P.A., MINNEAPOLIS, MINNESOTA (RYAN R. SIMATIC OF COUNSEL), FOR PETITIONER-APPELLANT.
BOYLAN CODE, LLP, ROCHESTER (J. MICHAEL WOOD OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

 Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (Gail Donofrio, J.), entered December 8, 2020 in proceedings pursuant to RPTL article 7. The order and judgment, inter alia, granted the motion of respondents City of Canandaigua and Board of Assessment Review for City of Canandaigua to dismiss the petitions and dismissed the petitions. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed.
Memorandum: Petitioner owns commercial property that is located within the nonparty Canandaigua City School District (School District) in Ontario County. Petitioner commenced proceedings against the taxing authority respondents pursuant to RPTL article 7 in July 2016 and July 2017 seeking review of the real property tax assessments for, respectively, the 2016 and 2017 tax years. In each proceeding, petitioner mailed a bare "notice of claim" for reduction of the assessment to the superintendent of the School District indicating that a petition had been filed and purporting to "incorporate[]" the unattached petition into the notice of claim. Petitioner did not, however, mail a copy of the notice of petition and the petition to the superintendent. Respondents answered, but the School District did not appear.
Petitioner also commenced a proceeding against respondents in July 2018 seeking review of the real property tax assessment for the 2018 tax year. Petitioner personally delivered the notice of petition and the petition to the assistant superintendent of the School District and to a senior clerk in the Ontario County Treasurer's Office. Petitioner did not, however, mail a copy of the notice of petition and the petition to the superintendent of the School District or the treasurer of Ontario County. Again, respondents answered, but the School District did not appear.
The matters proceeded together, including with the issuance of scheduling orders, and respondents City of Canandaigua and Board of Assessment Review for City of Canandaigua (hereinafter respondents) eventually moved by order to show cause in February 2020 to dismiss the 2016 and 2017 petitions on the ground that, in contravention of RPTL 708 (3), petitioner had failed to mail a copy of the notice of petition and the petition to the superintendent of the School District and failed to show good cause, which required dismissal of the petitions pursuant to the statute. Respondents subsequently moved by notice of motion in June 2020 to dismiss the 2018 petition on the ground that petitioner failed to comply with the statutory notice requirements of [*2]RPTL 708 (3) because it personally delivered the notice of petition and the petition to the wrong people instead of mailing copies thereof to the correct people.
Supreme Court determined that petitioner failed to comply with the requirements of RPTL 708 (3) and rejected petitioner's procedural and substantive opposition to the motions. In appeal No. 1, petitioner appeals from an order and judgment that, inter alia, granted respondents' motion to dismiss the 2016 and 2017 petitions. In appeal No. 2, petitioner appeals from an order and judgment that, inter alia, granted respondents' motion to dismiss the 2018 petition. We now affirm in each appeal.
"Pursuant to RPTL 708 (3), within 10 days of the service of the notice of petition and [the] petition on [the tax assessors of] a municipality in a tax certiorari proceeding, a petitioner must mail a copy of the same documents to the superintendent of schools of 'any school district within which any part of the real property on which the assessment to be reviewed is located' " (Matter of Westchester Joint Water Works v Assessor of City of Rye, 27 NY3d 566, 570 [2016]). The statute also requires, in all instances, that the petitioner mail a copy of the notice of petition and the petition "to the treasurer of any county in which any part of the real property is located" within the same statutorily prescribed period (RPTL 708 [3]). Within 10 days of those mailings, the petitioner must file with the court proof of such mailings to the superintendent of schools and the treasurer of the county (see RPTL 708 [3]).
Nonetheless, proper notice to the superintendent and the treasurer does not thereby make the school district or the county a party to the proceeding (see RPTL 708 [3]). Indeed, the current version of the statute "was structured so as to allow school districts to avoid the expense of participating in every tax certiorari proceeding" (Westchester Joint Water Works, 27 NY3d at 575). "The mailing requirements ensure that an affected school district is promptly notified of a tax certiorari proceeding so as to allow that district to determine whether to participate in that matter and whether to reserve monies to satisfy an adverse ruling" (id. at 575-576).
With respect to the consequences of noncompliance with the notice requirements, the statute provides that "[f]ailure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown" (RPTL 708 [3]). As the Court of Appeals has emphasized, "[t]he language of RPTL 708 (3) providing that the dismissal for failure to comply with the mailing provisions of that statute shall be excused only 'for good cause shown' reflects an intent to permit a petitioner who has ignored the subject mailing requirements to proceed only where the error is found to be excusable" (Westchester Joint Water Works, 27 NY3d at 574). The statute thus "requires that where there is no 'good cause' to avoid dismissal of a proceeding commenced pursuant to RPTL article 7, that proceeding is finally and conclusively dismissed" (id. at 575).
Petitioner contends that the School District, by failing to appear and intervene in these proceedings, waived the defense of defective notice, and that respondents lack standing to seek dismissal of the petitions on the ground that the School District did not receive proper statutory notice. We reject that contention.
Beginning with the statutory language, we conclude that there is no suggestion in the text that a named respondent in a tax certiorari proceeding pursuant to RPTL article 7 cannot bring a motion to dismiss the petition on the ground that the petitioner, without good cause shown, failed to comply with the notice requirements to a nonparty school district and nonparty county (see RPTL 708 [3]). To the contrary, in enacting the current version of RPTL 708 (3), the legislature "strengthened compliance with those requirements" (Westchester Joint Water Works, 27 NY3d at 573) by providing in broad and unflinching terms, not restricted to any individual or entity, that "[f]ailure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown" (RPTL 708 [3] [emphasis added]).
Moreover, permitting the named respondent to move for dismissal of the petition for noncompliance with the notice requirements, even when a school district chooses not to intervene, is consistent with the purpose of the statute. As noted by the Court of Appeals, the statute was revised to its current form, which included the strengthened dismissal provision, in order to relieve school districts of time consuming and expensive involvement in tax certiorari proceedings in which they had no desire to participate (see Westchester Joint Water Works, 27 [*3]NY3d at 572, 575-576; Bill Jacket,
L 1996, ch 503 at 7-12). Where a petitioner, without good cause, fails to comply with the notice requirements of RPTL 708 (3), thereby depriving a school district of "the opportunity to economically address a tax certiorari proceeding," permitting the named respondent to move to dismiss the petition without the school district's intervention is consistent with the statutory intent of allowing the school district to "avoid the expense of participating in [the] tax certiorari proceeding" (Westchester Joint Water Works, 27 NY3d at 575-576).
Contrary to petitioner's assertion, the case law supports the position that a named respondent has standing to move to dismiss the petition for noncompliance with the notice requirements. As the Second Department has expressly held, a respondent tax assessor "ha[s] standing to seek dismissal of the proceedings based on the petitioner's failure to give notice of the proceedings to the [s]uperintendent of the [school d]istrict pursuant to RPTL 708 (3)" (Matter of Westchester Joint Water Works v Assessor of City of Rye, 120 AD3d 1352, 1354 [2d Dept 2014], affd on other grounds 27 NY3d 566 [2016]; see generally Matter of Landesman v Whitton, 46 AD3d 827, 827-828 [2d Dept 2007]; Matter of MM1, LLC v LaVancher, 45 AD3d 1481, 1482 [4th Dept 2007]; Matter of Macy's Primary Real Estate v Assessor of City of White Plains, 291 AD2d 73, 77 [2d Dept 2002], lv denied 99 NY2d 502 [2002]).
Inasmuch as respondents have standing to seek dismissal of the petitions based on petitioner's failure to give proper notice of the proceedings to the superintendent and treasurer (see RPTL 708 [3]; Westchester Joint Water Works, 120 AD3d at 1354), and respondents made those motions here, any waiver by the School District is immaterial (cf. Matter of Brookview Apts. v Stuhlman, 278 AD2d 825, 826-827 [4th Dept 2000]). We thus conclude that, despite the School District's choice not to participate, respondents were entitled to move to dismiss the petitions for petitioner's failure to comply with the notice requirements of RPTL 708 (3).
Petitioner nonetheless contends that, even if respondents had standing to assert the defense of noncompliance with the notice requirements of RPTL 708 (3), they waived that defense by failing to include it as an affirmative defense in their answer in each proceeding. We reject that contention.
To the extent that petitioner relies on provisions of the CPLR for the proposition that affirmative defenses are waived unless raised in an answer or pre-answer motion to dismiss (see CPLR 3018 [b]; CPLR 3211 [e]), such reliance is misplaced (see generally Landesman, 46 AD3d at 828). The Court of Appeals has emphasized that, " '[a]s a general rule, there should be no resort to the provisions of the CPLR in instances where the [RPTL] expressly covers the point in issue' " (Westchester Joint Water Works, 27 NY3d at 575; see CPLR 101). Here, RPTL 712 expressly covers the requirements for answering a petition in an RPTL article 7 proceeding and, unlike the abovementioned provisions of the CPLR, RPTL 712 does not provide that affirmative defenses are waived unless raised in the answer. If the legislature had intended RPTL 712 to operate in the same manner as the CPLR, "it easily could have said so," but it did not (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 662 [2006]). Relatedly, the case law is clear that failure to raise noncompliance with RPTL 708 (3) as an affirmative defense in an answer does not, by itself, result in waiver of that defense. Rather, waiver occurs only when the tax assessor respondent "neither raise[s] the lack of notice in its answer nor move[s] to dismiss the petitions on that ground" (Matter of First Source Fed. Credit Union v Stuhlman, 275 AD2d 908, 908 [4th Dept 2000]). In other words, "the taxing authority may move to dismiss the proceeding if it raises the issue [of noncompliance with RPTL 708 (3)] in its answer or makes a timely motion" (Brookview Apts., 278 AD2d at 826 [emphasis added]).
In that regard, petitioner contends that respondents' motions to dismiss are untimely because petitioner commenced the proceedings in July 2016, July 2017, and July 2018, yet respondents did not move to dismiss the petitions until February 2020 and June 2020. We reject that contention as well.
As the parties agree, "taxing authorities are not bound by the requirement of CPLR 3211 (e) that a motion to dismiss be made prior to the time in which to serve an answer" (Matter of Village Sq. of Penna v Semon, 290 AD2d 184, 187 [3d Dept 2002], lv dismissed 98 NY2d 647 [2002]) because RPTL 712 (1) specifies that a taxing authority need not even answer, that a failure to answer is deemed a denial of the allegations, and that "[a] motion to dismiss the [*4]petition shall not be denied merely on the ground that an answer has been deemed made" (see Village Sq. of Penna, 290 AD2d at 187; Matter of Abramov v Board of Assessors, Town of Hurley, 257 AD2d 958, 960 [3d Dept 1999]). Despite the inapplicability of CPLR 3211 (e) (see Village Sq. of Penna, 290 AD2d at 187; see generally Westchester Joint Water Works, 27 NY3d at 575), and the absence of an applicable time period within RPTL article 7, courts have nonetheless stated, albeit without setting the manner of fixing the time period, that the taxing authority must "make[] a timely motion" to dismiss the petition for noncompliance with RPTL 708 (3) (Brookview Apts., 278 AD2d at 826 [emphasis added]; see Village Sq. of Penna, 290 AD2d at 186-187).
Whatever the outer limit of a timely motion may be, we conclude that there is no basis to support a determination that respondents' motions here were untimely. Petitioner brought successive proceedings in July 2016, July 2017, and July 2018 to challenge the assessments for those respective tax years. The matters proceeded together and were initially subject to a scheduling order in May 2019 that required all motions to be made by October 4, 2019. The scheduling order was later amended to provide that all motions were to be made before March 20, 2020. Respondents complied with the amended scheduling order by moving by order to show cause in February 2020 to dismiss the 2016 and 2017 petitions. The order to show cause signed by the court held the amended scheduling order in abeyance and, therefore, respondents were still in compliance when they moved on June 18, 2020 to dismiss the 2018 proceeding and, in any event, they were within an administrative 90-day extension of scheduling order deadlines due to the COVID-19 pandemic. Respondents' motions to dismiss were not only compliant with the amended scheduling order collectively governing all three proceedings, but the timing of the motions was well within the range of when such motions are routinely brought and entertained in other successive multi-year tax assessment challenges (see e.g. Westchester Joint Water Works, 27 NY3d at 570; Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d 869, 870 [2012]; Landesman, 46 AD3d at 827-828). Contrary to petitioner's contention, even if there are examples of a motion to dismiss being brought quicker (see Village Sq. of Penna, 290 AD2d at 186-187), that does not, by that very fact, render the present motions untimely. Moreover, the other cases relied upon by petitioner are inapposite (cf. Matter of Nicola v Board of Assessors of Town of N. Elba, 46 AD3d 1161, 1163 [3d Dept 2007]; Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1164 [3d Dept 2007]; Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam, 298 AD2d 667, 669 [3d Dept 2002]).
Petitioner nonetheless asserts two additional grounds purportedly supporting the proposition that respondents' motions were untimely, i.e., respondents had already participated in the litigation before moving to dismiss and petitioner was prejudiced by the ostensible delay because it incurred the costs of obtaining an appraisal before respondents moved to dismiss the petitions. We reject those assertions.
With respect to the first ground, petitioner cites an inapposite case in which the school district's motion to dismiss was properly denied because the school district, by informally appearing through substantial participation in the proceeding before answering and seeking dismissal, waived its defense that notice was not properly given in accordance with RPTL 708 (3) (see Matter of Champlain Ctr. N. LLC v Town of Plattsburgh, 165 AD3d 1440, 1442 [3d Dept 2018]). That case thus stands for the proposition that a school district is not allowed to use the provisions of RPTL article 7 as both a shield and a sword by fully participating without objection, even while not automatically being made a party, and then suddenly answering and moving for dismissal for lack of proper notice. That case did not, however, involve waiver of the defense by the tax assessor respondent. Indeed, holding that a tax assessor respondent waives the ability to move to dismiss for noncompliance with RPTL 708 (3) after participating in the proceeding would improperly undermine a tax assessor respondent's ability to make such a motion because the tax assessor respondent is, unlike a school district, a party from the outset of the proceeding. By contrast, permitting a tax assessor respondent to appear and then assert the RPTL 708 (3) noncompliance defense essentially on behalf of a non-participating school district is entirely consistent with the statutory purpose of allowing the school district to avoid the expense of participating in a tax certiorari proceeding of which it did not receive proper notice (see Westchester Joint Water Works, 27 NY3d at 575).
With respect to the second ground, we conclude that any prejudice to petitioner was of its [*5]own making and is not a basis upon which to conclude that respondents' motions to dismiss were untimely. The provisions of RPTL 708 (3) demand strict compliance (see Matter of Gatsby Indus. Real Estate, Inc. v Fox, 45 AD3d 1480, 1481 [4th Dept 2007]), and the fact that petitioner failed to adhere to those standards, proceeded with obtaining an appraisal anyway, and later faced appropriate motions to dismiss, does not support denial of the motions.
Finally, petitioner contends that the absence of prejudice to the School District is a valid ground upon which to deny the motions to dismiss, and that it established good cause to excuse its failure to comply with RPTL 708 (3) because it made a good faith effort to comply but simply made a mistake. We conclude that petitioner's contention lacks merit.
It is beyond dispute that "RPTL 708 (3) requires [a] petitioner to show good cause to excuse its failure to notify the appropriate school district, and not merely to demonstrate the absence of prejudice to the school district" (Board of Mgrs. of Copley Ct. Condominium, 19 NY3d at 871). Thus, contrary to petitioner's contention, "noncompliance with the statute may not be excused on the ground that [the school district] ha[s] not been prejudiced thereby" (MM1, LLC, 45 AD3d at 1482; see Board of Mgrs. of Copley Ct. Condominium, 19 NY3d at 871; Gatsby Indus. Real Estate, Inc., 45 AD3d at 1481; Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854, 854-855 [4th Dept 2005], lv denied 4 NY3d 710 [2005]; Matter of Premier Self Stor. of Lancaster v Fusco, 12 AD3d 1135, 1135-1136 [4th Dept 2004], lv denied 4 NY3d 710 [2005]). To the extent that the sole case relied upon by petitioner held otherwise, we do not consider it good law in that regard (cf. Matter of Bloomingdale's, Inc. v City Assessor of City of White Plains, 294 AD2d 570, 571 [2d Dept 2002], lv dismissed 99 NY2d 553 [2002]).
Moreover, contrary to petitioner's assertions, "noncompliance with the statute [cannot] be excused as a mere technicality" (MM1, LLC, 45 AD3d at 1482), and "[t]he mistake or omission of petitioner's attorney," including a factual mistake during an attempt to provide notice, "does not constitute good cause shown within the meaning of RPTL 708 (3) to excuse petitioner's failure to comply with that section" (Matter of Clay Dome & Golf Ctr. v Board of Assessors of Town of Clay, 300 AD2d 1092, 1092-1093 [4th Dept 2002] [internal quotation marks omitted]; see Board of Mgrs. of Copley Ct. Condominium, 19 NY3d at 871; MM1, LLC, 45 AD3d at 1482; cf. Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 46 AD3d 1304, 1306 [3d Dept 2007]).
Based on the foregoing, we conclude that petitioner failed to establish good cause within the meaning of RPTL 708 (3) to excuse its failure to comply with the statute, and that the court properly granted respondents' motions dismissing the petitions.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court