■ In the Matter of BLOOMINGDALE's, INC., Respondent-Appellant, v CITY ASSESSOR OF CITY OF WHITE PLAINS et al., Respondents. CITY OF WHITE PLAINS SCHOOL DISTRICT, Intervenor-Appellant-Respondent. (Proceeding No. 1.) In the Matter of MACY's EAST, INC., Respondent-Appellant, v CITY ASSESSOR OF CITY OF WHITE PLAINS et al., Respondents. CITY OF WHITE PLAINS SCHOOL DISTRICT, Intervenor-Appellant-Respondent. (Proceeding No. 2.) [742 NYS2d 881] —In two related proceedings, each involving five consolidated tax certiorari petitions, to review certain real property tax assessments for the years 1995, 1996, 1997, 1998, and 1999, the intervenor appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered February 16, 2001, as denied that branch of its motion which was to dismiss the petitions for the 1995 assessment years, and, upon granting those branches of its motion which were to dismiss the petitions for the 1996 through 1999 assessment years, granted the petitioners leave to recommence the proceedings without prejudice pursuant to CPLR 205 (a), and the petitioners cross-appeal from so much of the same order as granted those branches of the intervenor's motion which were to dismiss the petitions for the assessment years 1996 through 1999.

Ordered that the order is modified by deleting (1) the provision thereof granting those branches of the intervenor's motion which were to dismiss the petitions for the assessment years 1996 through 1999, and (2) the provision thereof granting the petitioner leave to recommence the dismissed proceedings, and substituting therefor a provision denying those branches of the intervenor's motion which were to dismiss the petitions for the assessment years 1996 through 1999; as so modified, the order is affirmed, with costs to the petitioner.

By notices of petition and petitions dated March 29, 1995,

March 29, 1996, March 31, 1997, March 20, 1998, and March 10, 1999, respectively, Bloomingdale's, Inc., commenced Proceeding No. 1 and Macy's East, Inc., commenced Proceeding No. 2 against the City Assessor of the City of White Plains, the Board of Assessment Review of the City of White Plains, and the City of White Plains (hereinafter the municipal respondents), challenging the assessment of parcels they owned in that city.

On January 13, 2000, copies of the petitions were mailed to the City of White Plains School District (hereinafter the school district). Thereafter, by notice of motion in Proceeding No. 2 dated March 15, 2000, the school district moved, inter alia, for leave to intervene and to dismiss the consolidated petitions in that proceeding for failure to comply with RPTL 708 (3). By a single notice of cross motion captioning both proceedings, dated September 20, 2000, the petitioners cross-moved to deem the petitions mailed within 10 days of service upon the municipal respondents nunc pro tunc. By order dated February 8, 2001, the Supreme Court, inter alia, allowed the school district to intervene and dismissed the petitions regarding the tax years 1996 through 1999 in each proceeding without prejudice to recommencement under CPLR 205 (a).

As amended August 8, 1996, effective January 1, 1996, RPTL 708 (3) requires a petitioner, within 10 days of service of a notice of petition and petition upon a municipality, to mail copies thereof to the superintendent of any school district that would be affected by a tax certiorari proceeding. RPTL 708 (3), as amended, requires that proof of such mailing be filed with the court within 10 days of the mailing (L 1996, ch 503, § 1). Failure to comply with the mandates of the section "shall result in the dismissal of the petition, unless excused for good cause shown" (RPTL 708 [3]).

The petitioners admit that the petitions were not mailed to the school district until January 2000, when they learned of their obligation under the statute. However, no action had been taken in any of the proceedings prior to the mailings; no answers had been served, no appraisals had been exchanged, and no negotiations had taken place. Thus, the school district was not prejudiced in any way by the late notice (compare Matter of Macy's Primary Real Estate v Assessor of City of White Plains, 291 AD2d 73 [where the tax certiorari proceedings had already been concluded by entry of final judgment]).

The school district will have the opportunity to contest the petition and receive a full and fair opportunity to be heard on the issue of valuation of the petitioners' properties for assess-

ment purposes (*see Matter of Liberty Mgt. of N.Y. v Assessor of Town of Glenville,* 284 AD2d 61, 64). Under these circumstances, the petitions for the 1996 through 1999 assessment years should not have been dismissed. Prudenti, P.J., Altman, Adams and Townes, JJ., concur.