■ In the Matter of ARTHUR L. LANDESMAN, Appellant, v DEBORAH A. WHITTON et al., Respondents. [848 NYS2d 680]—

In six related tax certiorari proceedings for the tax years 1999-2004, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Dickerson, J.), dated October 2, 2006, as granted those branches of the motion of the respondent Assessor of the City of Poughkeepsie to dismiss the proceedings for the tax years 1999, 2002, 2003, and 2004 on the ground that the petitions were served upon the Poughkeepsie City School District instead of its Superintendent of Schools.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

At issue here is whether certain tax certiorari proceedings challenging tax assessments on the petitioner's property for the tax years 1999, 2002, 2003, and 2004 were properly dismissed pursuant to RPTL 708 (3). RPTL 708 (3) provides, in pertinent part, that in certain tax certiorari proceedings such as the proceedings at issue in the instant case, "one copy of the petition and notice shall be mailed . . . to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located."

Each of these proceedings was brought against the Assessor of the City of Poughkeepsie and the City of Poughkeepsie School District as respondents and was served upon the Assessor of the City of Poughkeepsie and the City of Poughkeepsie School District. However, no copy of the notice of petition and petition was mailed to the Superintendent of Schools of the school district as required by RPTL 708 (3).

The respondents did not answer the petitions, in reliance upon RPTL 712 (1), which provides that "if the respondent fails

to serve such answer within the required time, all allegations of the petition shall be deemed denied."

By notice of motion dated June 12, 2006, Deborah A. Whitton, as Assessor of the City of Poughkeepsie, moved to dismiss the proceedings on the ground that the Superintendent of Schools was not served in violation of RPTL 708 (3). As an additional ground for dismissal, the Assessor argued that the affidavit of service of the 1999 petitions was untimely filed. The petitioners, in opposition, argued that the challenge to the propriety of service was untimely pursuant to CPLR 3211 (e) and the challenge to service upon the school district as distinguished from the Superintendent of Schools exalted form over substance.

The Supreme Court granted the motion to dismiss each of the proceedings on the ground that the Superintendent of Schools was not served (see Matter of Landesman v Whitton, 13 Misc 3d 1216[A], 2006 NY Slip Op 51847[U] [2006]). We affirm insofar as appealed from.

Since RPTL 712 (1) states that if no answer is served, "all allegations of the petition shall be deemed denied," no answer was required. Therefore, CPLR 3211 (e) does not apply to a tax certiorari proceeding (see Matter of Village Sq. of Penna v Semon, 290 AD2d 184, 186 [2002]).

The failure to mail the notice of petition and the petition to the Superintendent of Schools of the school district mandates dismissal of the proceedings, and the absence of prejudice cannot be considered good cause to excuse the defect (see Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854 [2005]; Matter of Premier Self Stor. of Lancaster v Fusco, 12 AD3d 1135 [2004]).

The case of Matter of Bloomingdale's, Inc. v City Assessor of City of White Plains (294 AD2d 570, 571 [2002]), which held that late service pursuant to RPTL 708 (3) may be excused in the absence of prejudice, is inapposite to the instant case, where there was no service pursuant to RPTL 708 (3) (see Orange & Rockland Utils., Inc. v Assessor of Town of Orangetown, 11 Misc 3d 1051[A], 2006 NY Slip Op 50166[U] [2006]; Majaars Realty Assoc. v Town of Poughkeepsie, 10 Misc 3d 1061[A], 2005 NY Slip Op 52061[U] [2005]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur. [See 13 Misc 3d 1216(A), 2006 NY Slip Op 51847(U).]