■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent-Appellant, v ASSESSOR AND BOARD OF ASSESSMENT REVIEW FOR THE TOWN OF PLEASANT VALLEY et al., Appellants-Respondents. [918 NYS2d 169]—

The petitioner, Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), filed five petitions pursuant to article 7 of the Real Property Tax Law, seeking to reduce its property tax assessments for the tax years 2004 through 2008. The petitions for the tax years 2004 and 2005 were addressed to the Arlington Central School District (hereinafter the District), whereas the petition for 2006 was addressed to "Superintendent, Arlington School District," and the 2007 and 2008 petitions were addressed to "Frank V. Pepe, Jr., Superintendent, Arlington Central School District." The notices of the 2007 and 2008 petitions were personally delivered to the District, and left with Nora Albert, who was both the district clerk and the secretary to the superintendent.

The Assessor and Board of Assessment Review for the Town of Pleasant Valley (hereinafter the Town) and the District (hereinafter together the respondents) moved to dismiss all five petitions, arguing that the service of the petitions was defective. In an order dated September 24, 2009, the Supreme Court granted those branches of the respondents' motion which were to dismiss the 2004 and 2005 proceedings, but denied those branches of the motion which were to dismiss the 2006, 2007, and 2008 proceedings. The respondents appeal and Con Ed cross-appeals from that order.

Con Ed moved to recommence the two dismissed proceedings. In an order dated March 12, 2010, the Supreme Court granted Con Ed's motion to recommence, finding that RPTL 708 (3) was a notice statute, as opposed to a service statute, and therefore that the dismissals were not based on Con Ed's failure to obtain personal jurisdiction over the respondents. The respondents appeal from that order.

Since no copy of the notices of petition and the petitions for the tax years 2004 and 2005 were mailed to the superintendent of the District as required by RPTL 708 (3), the Supreme Court properly granted those branches of the respondents' motion which were to dismiss those two proceedings (*see Matter of Landesman v Whitton*, 46 AD3d 827 [2007]; *Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining*, 79 AD3d 1032 [2010]). The Supreme Court also properly found that RPTL 708 (3) is a notice statute, as opposed to a service statute, and therefore that the error in mailing did not render the proceedings jurisdictionally defective (*see Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury*, 46 AD3d 1304, 1305

[2007], citing *Matter of Village Sq. of Penna v Semon*, 290 AD2d 184, 186 [2002]; *Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown*, 25 Misc 3d 1002, 1006 [2009]). Moreover, the Court of Appeals recently held that "mere technical irregularities in the commencement process should be disregarded if a substantial right of a party is not prejudiced" (*Matter of Garth v Board of Assessment Review for Town of Richmond*, 13 NY3d 176, 181 [2009]). Here, the respondents suffered no prejudice. Therefore, the Supreme Court properly granted Con Ed's motion to recommence the 2004 and 2005 proceedings pursuant to CPLR 205 (a) (*see* CPLR 103 [b]; *see e.g. Matter of Kuhl v Hubbard,* 93 Misc 2d 1058, 1062 [1978]).

Contrary to the respondents' contention, the Supreme Court properly found that Con Ed complied with the requirements of RPTL 708 (3) when it commenced the proceedings for the tax years 2007 and 2008 (*see e.g. Matter of 275 N. Middletown Rd. LLP v Kenney,* 10 Misc 3d 1067[A], 2006 NY Slip Op 50011[U] [2006]; *cf. Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d 854, 854-855 [2005]). The respondents' contention that the 2008 petition was premature is without merit (*see Matter of County of Broome v Eronimous*, 68 AD2d 988, 989 [1979]). Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.