[973 NE2d 158, 950 NYS2d 63]

In the Matter of BOARD OF MANAGERS OF COPLEY COURT CONDOMINIUM, Appellant, v TOWN OF OSSINING et al., Respondents, and BRIARCLIFF MANOR UNION FREE SCHOOL DISTRICT, Respondent.

Argued April 24, 2012; decided June 5, 2012

### APPEARANCES OF COUNSEL

*Bleakley Platt & Schmidt, LLP*, White Plains (*Hugh D. Fyfe* of counsel), for appellant.

*Kuntz, Spagnuolo, Murphy & Gronbach, P.C.*, Bedford (*Raymond G. Kuntz* of counsel), for Briarcliff Manor Union Free School District, respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

The condominium at issue in this tax certiorari proceeding is located in the Village of Briarcliff Manor, in the Town of Ossining, and within the Briarcliff Manor Union Free School District (Briarcliff School District). Petitioner, Board of Managers of Copley Court Condominium (Copley), commenced a proceeding against the Town of Ossining and its Assessor and Board of Review seeking review of its tax assessment for the year 2001 pursuant to article 7 of the Real Property Tax Law. In the manner prescribed by RPTL 708 (3), which requires a petitioner to mail a copy of the petition to the superintendent of the school district within which the property at issue is located, Copley notified the Superintendent of Briarcliff School District of the proceeding. Copley also commenced similar proceedings for each of the next six tax years (2002-2007), but for each of those years, Copley's counsel, evidently under the mistaken impression that the property was actually located within an adjacent school district, the Ossining Union Free School District, mailed copies of the petitions to the Superintendent of the Ossining School District instead of to Briarcliff School District. Briarcliff School District intervened and moved to dismiss the proceedings, and Copley cross-moved for leave to serve Briarcliff School District. The Supreme Court denied the motion and granted the cross motion. The Appellate Division reversed, granting Briarcliff School District's motion to dismiss (79 AD3d 1032 [2d Dept 2010]). This Court granted Copley's motion for leave to appeal (16 NY3d 711 [2011]), and we now affirm.

RPTL 708 (3) requires that, in a tax certiorari proceeding, "one copy of the petition and notice shall be mailed . . . to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located," and provides that "[f]ailure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown." A mistaken belief on the part of a petitioner's counsel that a property is located within a particular school district does not, standing alone, provide a sound basis to conclude that the taxpayer has shown good cause to excuse its failure to provide timely notice to the correct school district such that the petitioner may avoid otherwise mandatory dismissal of the petition (*compare Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-105 [2001] [holding that the "good cause" standard referenced in CPLR 306-b requires a party failing to comply with the service provisions in that section to demonstrate "reasonably diligent efforts at service as a threshold matter" in order to be granted an extension of the time for service]). RPTL 708 (3) requires petitioner to show good cause to excuse its failure to notify the appropriate school district, and not merely to demonstrate the absence of prejudice to the school district. Therefore, even assuming, as Copley argues, that Briarcliff School District was not prejudiced by Copley's error, Copley has nevertheless failed to satisfy the statutory requirement.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.