OPINION OF THE COURT
John R. LaCava, J.
In this tax certiorari matter, challenging assessments for tax *240 years 2002 through and including 2010 for the subject parcels, intervenor Rye Neck School District seeks an order enjoining enforcement of any settlement judgment or stipulation or, in the alternative, dismissing the petitions for failure of petitioner to timely mail the said petitions to the Rye Neck School District Superintendent of Schools, as required by RPTL 708 (3). The subject premises consists of two separate tax parcels, designated on the tax map of the City of Rye as section 200, block 1, lot 9, and section 200, block 1, lot 10. The former is wholly located in the Rye Neck School District, while the latter is wholly located in the Rye City School District.
Petitioner, the owner of the two parcels, commenced the instant proceeding in 2002 to challenge the assessments on the parcels, and also brought similar claims for each of the subsequent tax years through and including tax year 2010, by timely service of copies of the petitions on the City of Rye, and on the Rye City Superintendent only. According to counsel for petitioner, when he examined the tax roll for the parcel designated as lot 200-1-9, although he did see the designation therein of “Rye Neck,’” no description (consistent with RPTL 502 [2]), identifying the location of the parcel and describing it with particularity, appears. Neither, according to counsel for petitioner, does the parcel appear on the assessment map for the municipality. Counsel concluded, based on the aforementioned minimal description, and lack of appearance on the tax map, that parcel 200-1-9 lay in the Rye City School District, and served the superintendent of that district with petitions relating to both parcels.
Following filing by petitioner of notes of issue for the tax years 2003 through and including 2005, and issuance by the court of a trial scheduling order relating to those tax years, extensive settlement negotiations were conducted by the court, whereupon the matter was settled and marked as “Settled Before Trial.” Petitioner subsequently prepared a stipulation of settlement, signed it, and forwarded it to the City for signature by its counsel. Thereafter, however, petitioner sent a letter to the Rye Neck Superintendent which provided, for the first time, copies of all of the previously-served petitions. Rye Neck declined to consent to the stipulation, moved to intervene, and moved for the instant relief.
In a decision and order dated December 20, 2011, the court granted, as unopposed, intervention; further granted leave to *241 the parties to address the issue of the joinder of two adjacent tax parcels which are served by separate school districts; and deferred treatment of the central issue, namely the motion to dismiss for failure to serve the school district, until papers on the issue of joinder had been submitted.
Subsequently, and while the several instant motions were pending, the court inquired of petitioner as to the specifics of his argument that the geographic mistake (i.e., choosing the incorrect school district to notice) herein was justifiable, and held a conference where that issue was discussed. Petitioner, respondent and intervenor were permitted to submit papers addressing that issue. Finally, and again while the instant motions were still pending, the Court of Appeals issued a decision in Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining (19 NY3d 869 [June 5, 2012]), and the parties were again granted leave to supplement their submissions with respect to that decision.
The District’s Motion to Relieve it of the Stipulation for Improper Service
RPTL 708 (3) provides:
“one copy of the petition and notice shall be mailed within ten days from the date of service thereof as above provided to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located and, in all instances, to the treasurer of any county in which any part of the real property is located, and to the clerk of a village which has enacted a local law as provided in subdivision three of section fourteen hundred two of this chapter if the assessment to be reviewed is on a parcel located within such village . . . Proof of mailing one copy of the petition and notice to the superintendent of schools, the treasurer of the county and the clerk of the village which has enacted a local law as provided above shall be filed with the court within ten days of the mailing. Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown.”
Thus, RPTL 708 (3) clearly requires timely notice upon a school district, by mailing a copy of the petition to the superintendent of the district encompassing the property, and filing of proof of such notice thereafter with the court. Failure to so mail and to *242 so file, absent good cause shown, results in dismissal of the petition. Here, the District, through an employee, affirms that in none of the tax years at issue did it receive notice by delivery to it of a petition.
In Matter of Landesman v Whitton (13 Misc 3d 1216[A], 2006 NY Slip Op 51847[U] [Sup Ct, Dutchess County, Oct. 2, 2006, Dickerson, J.], affd 46 AD3d 827 [2d Dept 2007]), the petitioner had mailed notices to the Poughkeepsie School District, but not directly to the superintendent of the district. This court dismissed the petitions for failing to follow RPTL 708 (3), and the Second Department affirmed, holding
“The failure to mail the notice of petition and the petition to the Superintendent of Schools of the school district mandates dismissal of the proceedings, and the absence of prejudice cannot be considered good cause to excuse the defect (see Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854 [2005]; Matter of Premier Self Stor. of Lancaster v Fusco, 12 AD3d 1135 [2004]).” (46 AD3d at 828.)
The Landesman court also cited to errant (i.e., failed) notice cases such as Matter of Orchard Hgts., Inc. v Yancy (15 AD3d 854 [4th Dept 2005], supra) and Matter of Premier Self Stor. of Lancaster v Fusco (12 AD3d 1135 [4th Dept 2004], supra), which both involved mailing to the clerk of the schools, rather than the superintendent. Each was dismissed, and in addition in the latter lack of prejudice was specifically held to be no excuse. (See also Orange & Rockland Utils., Inc. v Assessor of Town of Orangetown, 11 Misc 3d 1051[A], 2006 NY Slip Op 50166[U] [Sup Ct, Rockland County, Feb. 8, 2006, Dickerson, J.]; Majaars Realty Assoc. v Town of Poughkeepsie, 10 Misc 3d 1061 [A], 2005 NY Slip Op 52061[U] [Sup Ct, Dutchess County, Dec. 19, 2005, Dickerson, J.].)
Put simply, failure to send notice to the school district, whether by total lack of service, or by misdirection of service to the wrong party, mandates dismissal, absent a demonstration of good cause for such failure or improper mailing. Petitioner concedes that the Appellate Division recently, in Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown (25 Misc 3d 1002 [Sup Ct, Rockland County 2009], revd 84 AD3d 1104 [2d Dept 2011]), soundly rejected reliance on the geographic mistake in that case, to serve as good cause for the service on the incorrect school district; there, due to the extensive history of litigation between the parties, as well as previous correspon *243 dence by petitioner which had been directed to the proper school district therein. Petitioner asserts, however, that the Wyeth Court did not hold that in no case could good cause be based on a geographic mistake by a petitioner; rather, it merely found that the proffered excuse in Wyeth was “not reasonable.”
Similarly, the Court of Appeals recently held in Copley Ct. that
“[a] mistaken belief on the part of a petitioner’s counsel that a property is located within a particular school district does not, standing alone, provide a sound basis to conclude that the taxpayer has shown good cause to excuse its failure to provide timely notice to the correct school district such that the petitioner may avoid otherwise mandatory dismissal of the petition (compare Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105 [2001] [holding that the ‘good cause’ standard referenced in CPLR 306-b requires a party failing to comply with the service provisions in that section to demonstrate ‘reasonably diligent efforts at service as a threshold matter’ in order to be granted an extension of the time for service]). RPTL 708 (3) requires petitioner to show good cause to excuse its failure to notify the appropriate school district, and not merely to demonstrate the absence of prejudice to the school district.” (19 NY3d at 871.)
Here, petitioner asserts that “good cause” is shown by its counsel’s “reasonably diligent efforts at service,” which efforts were thwarted by the fact that the Rye City tax roll fails to comply with RPTL 502 (2), in that it lacks a proper description of the property, and further that the subject property does not appear on the assessment map. Counsel for petitioner asserts that he sought the map to ascertain the location of the parcel in order to locate the proper school district within which it was located and which to serve, but was told by city assessment personnel that the parcel does not appear on the map. A proper description on the roll, or presence of the parcel on the tax map, would, petitioner thus argues, have made it more likely for him to have served the proper district. Or, to put it another way, petitioner submits that the absence of a proper description on the roll, and the failure of the property to appear on the tax map, both led to the improper notice. Petitioner thus urges this court to find that he made “reasonably diligent efforts” as referenced in Copley Ct., and that those efforts, and the above- *244 cited excuses for improper service, are consistent with Wyeth, reasonable, and therefore good cause excusing the failed delivery of notice.
RPTL 502 Property Description
RPTL 502 (2) provides:
“Provision shall be made with respect to each separately assessed parcel of real property for the entry, in appropriate columns, of the name of the owner, last known owner or reputed owner and a description sufficient to identify the same, including the surnames of the abutting property owners and the names of the abutting streets or highways, the approximate number of square feet, square rods or acres contained therein or a statement of the linear dimensions thereof. Separately assessed privately owned streets or roads, such as those situated within a subdivision, may be described in a single account in the name of the owner, last known owner or reputed owner thereof. When a tax map has been approved by the commissioner, reference to the lot, block and section number or other identification numbers of any parcel on such map shall be deemed a sufficient description of such parcel.”
As set forth in greater detail above, counsel for petitioner related that he was unable to examine the assessment map because, the City Assessor’s office personnel informed him, the parcel did not appear on that map. He then examined the tax roll for the subject parcel, lot 200-1-9, a copy of which has subsequently been submitted as an exhibit by the parties. No description of the lot, as required by RPTL 502 above, is contained in the tax roll. More specifically, the roll sets forth no “surnames of the abutting property owners and the names of the abutting streets or highways, the approximate number of square feet, square rods or acres contained therein or a statement of the linear dimensions thereof,” as would allow the parcel to be identified in accordance with statutory requirements, with the sole exception of identifying the lot number. Specifically, the line designated on the roll for the location of the parcel, the first line of the second column of the roll, is blank (unlike other parcels, where an address or other designation appears). Also, the designation thereon for “school district” in the roll, which is the second line of the second column, actually does not contain the school district designation in that loca *245 tion for lot 200-1-9, but it does appear one line below that. And, as all parties concede, while the designation on the third line of the roll states “Rye City Schools,” as the school district serving the other parcels on the same page of the roll, that line only contains the designation “Rye Neck” (i.e., absent “Schools”) for lot 200-1-9, which denotes, according to Rye Neck’s counsel, the Rye Neck School District.
The City argues in response that the roll fully conforms with rules of the State Department of Taxation and Finance (State Tax). In particular, since the parcel involves water pipes, it is considered non-situs property, because it is not capable of geographic identification. State Tax recommends that such property be represented on the tax roll with a pseudo section, block, and lot (SBL); this was done with the instant parcel, SBL 200-1-9 being a pseudo SBL. While the City may have followed State Tax guidelines regarding non-situs property, by providing for its inclusion on the roll with a pseudo SBL, nevertheless the court recognizes that the city tax roll, as it stands today and has stood for the pendency of this matter at least, is not consistent with RPTL 502 (2), as the roll fails to identify the specific location of the subject parcel or describe it with particularity. Clearly, while the owner of one single parcel would likely not be confused by the lack of description, here, where petitioner has dozens of fixtures (water transmission pipes) in the city, associating any one of those pipes with a particular parcel by reference to the roll, and a pseudo SBL, is not at all assured.
While that may be true, however, and while the court may be concerned with the accuracy of tax assessments of non-situs parcels, given the wholesale use of pseudo SBLs to represent and identify such parcels including the subject, the fact is that the City’s failure to comply with RPTL 502 (2) was not the sole cause for the failure of counsel for petitioner to serve the proper (Rye Neck) school district. As respondent accurately argues, petitioner received a bill from the City, on which bill was a correct identification of the proper school district to whom the tax bill was owed. Furthermore, Rye Neck School District itself also billed the petitioner for the school taxes due for parcel 200-1-9. Given the clear indication from these two separate bills that the Rye Neck School District served the 200-1-9 tax parcel, it cannot be viewed as “reasonable,” per Wyeth, nor can counsel’s efforts at service be deemed “reasonably diligent” per Copley Ct., so as to excuse the failure to properly notice the Rye Neck School District Superintendent with regard to challenging as *246 sessments to parcel 200-1-9. Consequently, good cause having not been shown for the improper notice, the court must grant the District’s motion to dismiss the petitions as relate to the tax years at issue herein (2002 through and including 2010).
The City’s Cross Motion to Dismiss
As set forth in greater detail above, RPTL 708 (3) provides:
“one copy of the petition and notice shall be mailed within ten days from the date of service thereof as above provided to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located .... Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown.”
The aforementioned cases generally involve a school district moving to be relieved from the responsibility of complying with a settlement order, or to dismiss, for failure of the petitioner to mail to that specific district a copy of the petition pursuant to RPTL article 7. Wyeth, however, involved a school district seeking that relief with respect to a lack of mailing to another (i.e., a different) school district, which served some of the parcels at issue therein. While RPTL 708 (3) clearly requires dismissal for failure to deliver notice to the school district, the Second Department in Wyeth makes clear that only the school district which petitioner had failed to notice has standing to seek dismissal of the proceeding. In considering the standing issue, the Court stated
“Despite our holding, it is necessary to remit the matter to the Supreme Court, Rockland County, for further proceedings. The Supreme Court noted in its order that ‘five of the ten parcels comprising the subject property are, in fact, located within the Nanuet Union Free School District with the remaining five situated in the Pearl River School District.’ Since Nanuet only has standing to move to dismiss the proceedings with respect to those parcels located within its borders, the proceedings should be dismissed only insofar as they relate to those parcels. However, as we are unable to determine from the record on appeal precisely which parcels are located in Nanuet and which parcels are located in the Pearl River School District, we remit the matter to the Supreme Court, Rockland County, with *247 instructions to determine which parcels are located in Nanuet and enter an order dismissing the proceedings only to the extent that they seek to challenge the real property tax assessments for those parcels.” (84 AD3d at 1107.)
Here, the City has moved for dismissal, with respect to a parcel for which petitioner failed to send notice to the proper school district (i.e., Rye Neck School District). Since, pursuant to Wyeth, it is only the school district which failed to receive proper notice pursuant to RPTL 708 (3) which has standing to seek dismissal for such failure, only Rye Neck may thereby move to dismiss the instant proceeding. Thus, while the Rye Neck District may move, and the court may grant such motion to dismiss, for lack of notice, the court must deny the City’s motion, for lack of standing as set forth in Wyeth.
Leave to Recommence the Proceeding Pursuant to CPLR 205 (a)
In the event of a grant of the motions to dismiss, here granted by the court only as to the school district, petitioner has cross-moved for leave to recommence the proceeding pursuant to CPLR 205 (a). CPLR 205 (a) provides:
“§ 205. Termination of action.
“(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.”
Thus, in order for the court to grant a motion for leave to recommence, following an RPTL 708 (3) dismissal, such dis *248 missal may not be a “voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits.” As to the issue of jurisdiction, notice under RPTL 708 (3) is not intended to be, and does not constitute, service of process commencing the proceeding against the affected school district, and/or confer personal jurisdiction over the school district or districts so noticed, so dismissal for such lack of service may not be jurisdictional. Consolidated Edison, however, held that, since RPTL 708 (3) is a notice statute, “the error in mailing did not render the proceedings jurisdictionally defective.” (Matter of Consolidated Edison Co. of N.Y., Inc. v Assessor & Bd. of Assessment Review for the Town of Pleasant Val., Sup Ct, Dutchess County, Sept. 24, 2009, LaCava, J., affd 82 AD3d 761, 762 [2d Dept 2011].)
On several occasions, this court has granted leave to petitioners to recommence after an RPTL 708 (3) dismissal. In one, Matter of Bloomingdale’s, Inc. v City Assessor of City of White Plains (Sup Ct, Westchester County, Feb. 16, 2001, Rosato, J., affd 294 AD2d 570 [2002]), the Second Department subsequently reversed to deny the dismissal, effectively mooting the trial court’s grant of leave to resubmit. Leave was also granted more recently in Wyeth and Consolidated Edison; subsequently, separate Second Department panels in Wyeth and Consolidated Edison reached opposite results relating to the propriety of granting leave to recommence pursuant to CPLR 205 (a) after an RPTL 708 (3) dismissal. Wyeth held that a dismissal pursuant to RPTL 708 (3) operates as a dismissal “upon the merits,” and, accordingly, the relief afforded by CPLR 205 (a) is unavailable (citing Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999]), since “[t]o find otherwise would render the ‘good cause’ requirement in RPTL 708 (3) superfluous.” (84 AD3d at 1107.) Consolidated Edison, however, held that
“the Court of Appeals recently held that ‘mere technical irregularities in the commencement process should be disregarded if a substantial right of a party is not prejudiced’ (Matter of Garth v Board of Assessment Review for Town of Richmond, 13 NY3d 176, 181 [2009]). Here, the respondents suffered no prejudice. Therefore, the Supreme Court properly granted Con Ed’s motion to recommence the 2004 and 2005 proceedings pursuant to CPLR 205 (a) (see CPLR 103 [b]; see e.g. Matter of Kuhl v Hubbard, 93 *249 Misc 2d 1058, 1062 [1978]).” (82 AD3d at 763.)
The Second Department has also, in the past, discussed the circumstances under which prejudice would negate the good cause shown to excuse improper or a failure to notice pursuant to RPTL 708 (3). In Bloomingdale’s, the Court noted:
“The petitioners admit that the petitions were not mailed to the school district until January 2000, when they learned of their obligation under the statute. However, no action had been taken in any of the proceedings prior to the mailings; no answers had been served, no appraisals had been exchanged, and no negotiations had taken place. Thus, the school district was not prejudiced in any way by the late notice . . .
“The school district will have the opportunity to contest the petition and receive a full and fair opportunity to be heard on the issue of valuation of the petitioners’ properties for assessment purposes . . . Under these circumstances, the petitions for the 1996 through 1999 assessment years should not have been dismissed.” (294 AD2d at 571-572.)
Finally, in Consolidated Edison, the Second Department specifically found an absence of prejudice, since respondent had not only received the notice in the location it had designated, in its own internal mail-handling procedures, that such mail should go, but also respondent therein immediately appeared and intervened to protect its interests.
Respondent herein asserts that it has been severely prejudiced by the failure of petitioner to properly deliver notice of the proceeding to the Superintendent. The court notes as an initial matter that, unlike Consolidated Edison, respondent School District only moved to intervene some nine years after the petitions were filed, and some time after extensive negotiations, resulting in the proposed settlement order, were conducted (and, indeed, nearly concluded).
However, respondent District also points to another, more fundamental and more pronounced, prejudice from the errant notice here. The District asserts that, prior to the commencement of the instant proceedings, it established a tax certiorari reserve fund (TCRF) pursuant to Education Law § 3651 (1-a), which provides:
“Notwithstanding the provisions of subdivision one of this section, any school district may establish a *250 reserve fund for the payment of judgments and claims in tax certiorari proceedings in accordance with article seven of the real property tax law, without approval by the qualified voters of the district, provided, however, that the total of the monies held in such reserve fund shall not exceed that amount which might reasonably be deemed necessary to meet anticipated judgments and claims arising out of such tax certiorari proceedings. Any monies deposited to such reserve fund which are not expended for the payment of judgments or claims arising out of such tax certiorari proceedings for the tax roll in the year such monies are deposited to the said fund and/or which will not reasonably be required to pay any such judgment or claim shall be returned to the general fund on or before the first day of the fourth fiscal year following the deposit of such monies to said reserve fund. For purposes of this subdivision, such monies shall be deemed reasonably required to pay any such judgment or claim if the proceeding or claim has not been finally determined or otherwise terminated or disposed of after the exhaustion of all appeals.”
Such funds are closely monitored by the Comptroller of the State of New York and the Commissioner of Education; monies deposited in the fund may only be used for tax filings in the year of deposit, and, as properly argued by the District, school districts have been admonished for depositing monies for filings in prior years (i.e., retroactive deposits) (see Appeal of Giardiana, 46 Ed Dept Rep 524 [decision No. 15,583]; see also 1998 Ops St Comp No. 98-16). Therefore, the District asserts, the failure of petitioner to properly deliver notice of the instant petitions to the District Superintendent, in the year each petition was filed, has prejudiced it permanently, by forever foreclosing it from planning for an eventual judgment in the instant matters by depositing reserve monies in the TCRF. Rather, the District will be forced to pay any such judgment in another manner, such as from current funds (already perhaps allocated elsewhere) or from bonding.
The Second Department, in Wyeth, reasoned that a dismissal pursuant to RPTL 708 (3) must be “upon the merits,” and that, therefore, CPLR 205 (a) must be unavailable, otherwise RPTL 708 (3)’s requirement of good cause would be superfluous. While Consolidated Edison might appear generally to be in conflict *251 with Wyeth, that is not the case on this issue, since the Second Department in Consolidated Edison, unlike here, specifically found the absence of prejudice. In the face of the above-mentioned, demonstrable prejudice from the failure of petitioner to insure the proper school district received notice of these proceedings, this court simply cannot grant leave for a recommencement of these proceedings pursuant to CPLR 205 (a). Consequently, the court denies petitioner’s motion seeking leave, in the event of a dismissal, to recommence these proceedings within six months pursuant to CPLR 205 (a).
It is hereby ordered, that the motion by Rye Neck School District to relieve it from the effect of any stipulation of settlement between respondent City of Rye and petitioner Westchester Joint Water Works with regard to tax parcel 200-1-9 due to a failure to comply with the service and filing requirements of RPTL 708 (3) upon the Superintendent of the Rye Neck School District, of the petitions contesting tax years 2002 through and including 2010, in violation of section 708 (3), or, in the alternative, to dismiss said petitions, for such improper service, is granted, solely to the extent that it is ordered, that the motion by Rye Neck School District to dismiss the petitions relating to tax parcel 200-1-9 contesting tax years 2002 through and including 2010, for improper service upon the Superintendent of the Rye Neck School District, is granted; and it is further ordered, that the cross motion by petitioner Westchester Joint Water Works, for leave to recommence the instant proceeding within six months pursuant to CPLR 205 (a), is denied.

 Counsel also notes that, for the other parcel, 200-1-10, known to be in the Rye City School District, the roll actually says “Rye City Schools.”