In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2006, 2007, 2008, 2009, and 2010, the petitioner appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated March 7, 2012, which granted the motion of nonparty Cornwall Central School District pursuant to CPLR 5015 (a) to vacate so much of an order of the same court dated July 13, 2011, as directed Cornwall Central School District to refund to the petitioner excess school taxes for the years 2006, 2007, 2008, 2009, and 2010, on the ground that the petitions were not served on Cornwall Central School District in accordance with RPTL 708 (3), and denied its cross motion for leave to effect late service of the petitions or to extend the time for service pursuant to CPLR 2004 and 2005 or, in the alternative, for leave to recommence the proceedings pursuant to CPLR 205 (a).
Ordered that the order dated March 7, 2012, is affirmed, with costs to the nonparty-respondent.
Pursuant to CPLR 5015 (a), “[t]he court which rendered a judgment or order may relieve a party from it upon such terms *1071 as may be just.” Contrary to the petitioner’s contentions, the Supreme Court providently exercised its discretion in vacating so much of an order dated July 13, 2011, as directed the Cornwall Central School District (hereinafter the School District) to repay back taxes to the petitioner for the years 2006, 2007, 2008, 2009, and 2010, and denied the petitioner’s cross motion for leave to effect late service of the petitions or to extend the time for service pursuant to CPLR 2004 and 2005 or, in the alternative, for leave to recommence the proceedings pursuant to CPLR 205 (a).
It is undisputed that the petitioner failed to comply with the requirements of RPTL 708 (3) which provide, in pertinent part, that in a tax certiorari proceeding, within 10 days after service upon the Assessor, “one copy of the petition and notice shall be mailed ... to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located.” RPTL 708 (3) further provides that “[failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown.” RPTL 708 (3) requires a petitioner to show good cause to excuse its failure to notify the appropriate school district, and not merely to demonstrate the absence of prejudice to that school district (see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d 869, 871 [2012]; see also Matter of Landesman v Whitton, 46 AD3d 827 [2007]). Contrary to the petitioner’s contention, it failed to establish good cause for its failure to serve the petitions on the School District (see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d at 871; Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown, 84 AD3d 1104 [2011]; see also Matter of Macy’s Primary Real Estate v Assessor of City of White Plains, 291 AD2d 73 [2002]). Accordingly, the Supreme Court providently exercised its discretion in denying the petitioner’s cross motion (see CPLR 2004, 2005; RPTL 708 [3]; Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown, 84 AD3d at 1107; see also Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 92 [2011]; Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 46 AD3d 1304 [2007]; Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo, 247 AD2d 537 [1998]). Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.