██ In the Matter of WESTCHESTER JOINT WATER WORKS, Appellant-Respondent, v ASSESSOR OF CITY OF RYE, Respondent-Appellant, and RYE NECK UNION FREE SCHOOL DISTRICT, Intervenor-Respondent-Respondent. [992 NYS2d 351]—

In nine related proceedings pursuant to RPTL article 7 to review real property tax assessments for the tax years 2002 through 2010, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered July 24, 2012, as granted that branch of the motion of the intervenor, Rye Neck Union Free School District, which was to dismiss the proceedings on the ground that the notices of petition and petitions were not served upon the Superintendent of the Rye Neck Union Free School District in accordance with RPTL 708 (3), and denied that branch of its cross motion which was for leave to recommence the proceedings pursuant to CPLR 205 (a), and the Assessor of the City of Rye cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her cross motion which was to dismiss the proceedings on the ground that the notices of petition and petitions were not served upon the Superintendent of the Rye Neck Union Free School District in accordance with RPTL 708 (3).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the intervenor, Rye Neck Union Free School District, which was to dismiss the proceedings, and substituting therefor a provision granting that branch of the motion only to the extent that the proceedings related to the parcel designated on the City of Rye Assessment Roll as section 200, block 1, lot 9, and otherwise denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the Assessor of the City of Rye which was to dismiss the proceedings, and substituting therefor a provision granting that branch

of the cross motion only to the extent that the proceedings related to the parcel designated on the City of Rye Assessment Roll as section 200, block 1, lot 9, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the Assessor of the City of Rye and the Rye Neck Union Free School District, payable by the petitioner.

The petitioner, Westchester Joint Water Works, commenced separate tax certiorari proceedings against the Assessor of the City of Rye (hereinafter the City) to challenge real property tax assessments levied against two of its properties for each tax year from 2002 through 2010. The petitioner gave notice of each proceeding to the City and, pursuant to RPTL 708 (3), to the Superintendent of the Rye City School District. In January 2011, the parties agreed in principle to a settlement of the proceedings, and the petitioner's counsel gave notice of the proceedings, for the first time, to the Superintendent of the Rye Neck Union Free School District (hereinafter the District), where one of the parcels was actually located, seeking the District's consent to the settlement. The District refused to consent to the settlement, and moved, inter alia, for leave to intervene in the proceedings and to dismiss the proceedings based on the failure of the petitioner to give the District timely notice of the proceedings pursuant to RPTL 708 (3). The petitioner opposed, arguing that because city personnel told its counsel that the subject parcels were listed on the city assessment roll, but were not referred to in the city tax map, its counsel was unable to determine the geographic location of the two parcels, and thus, "excusable geographical mistake" constituted good cause excusing the petitioner's noncompliance with RPTL 708 (3). The petitioner cross-moved for leave to recommence the proceedings within six months pursuant to CPLR 205 (a) in the event the proceedings were dismissed based on noncompliance with RPTL 708 (3). The City cross-moved to dismiss the proceedings on the same ground as the District.

In the order appealed from, the Supreme Court, inter alia, granted that branch of the District's motion which was to dismiss the proceedings based on the petitioner's noncompliance with RPTL 708 (3), and denied that branch of the petitioner's cross motion which was for leave to recommence the proceedings pursuant to CPLR 205 (a). The Supreme Court also denied that branch of the City's cross motion which was to dismiss the proceedings, based on the determination that the City lacked standing to seek dismissal of the proceedings due to the petitioner's failure to give the District notice of the proceedings pursuant to RPTL 708 (3).

Contrary to the Supreme Court's determination, the City had standing to seek dismissal of the proceedings based on the petitioner's failure to give notice of the proceedings to the Superintendent of the District pursuant to RPTL 708 (3) (*see Matter of Consolidated Edison Co. of N.Y., Inc. v Assessor & Bd. of Assessment Review for the Town of Pleasant Val.*, 82 AD3d 761, 762 [2011]; *Matter of Landesman v Whitton*, 46 AD3d 827 [2007]; *Matter of Macy's Primary Real Estate v Assessor of City of White Plains*, 291 AD2d 73, 77 [2002]; *cf. Matter of First Source Fed. Credit Union v Stuhlman*, 275 AD2d 908, 908 [2000]).

As the petitioner correctly concedes on appeal, it failed to give notice of the proceedings to the Superintendent of the District pursuant to RPTL 708 (3), and lacked good cause for its failure. Accordingly, the Supreme Court properly granted that branch of the District's motion which was to dismiss the proceedings, and should have granted that branch of the City's cross motion which was to dismiss the proceedings, based on the petitioner's failure to give notice of the proceedings to the Superintendent of the District pursuant to RPTL 708 (3) and the lack of good cause excusing the petitioner's noncompliance (*see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining*, 19 NY3d 869 [2012]; *Matter of Cornwall Yacht Club, Inc. v Assessor*, 110 AD3d 1070 [2013]; *Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown*, 84 AD3d 1104, 1106 [2011]; *Matter of Consolidated Edison Co. of N.Y., Inc. v Assessor & Bd. of Assessment Review for the Town of Pleasant Val.*, 82 AD3d at 762). However, since it is undisputed that only one of the two parcels at issue, namely, the parcel designated on the City Assessment Roll as section 200, block 1, lot 9, is located within the borders of the District, and that the petitioner properly gave notice of the proceedings, pursuant to RPTL 708 (3), to the Rye City District, where the other parcel is located, we grant that branch of the District's motion which was to dismiss the proceedings, and that branch of the City's cross motion which was to dismiss the proceedings, only to the extent that the proceedings relate to the parcel designated on the City Assessment Roll as section 200, block 1, lot 9 (*see Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown*, 84 AD3d at 1107).

Since a dismissal pursuant to RPTL 708 (3) operates as a dismissal upon the merits, the relief afforded by CPLR 205 (a) is unavailable (*see Matter of Cornwall Yacht Club, Inc. v Assessor*, 110 AD3d 1070 [2013]; *Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown*, 84 AD3d at 1107; *see generally*

*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380 [1999]). Accordingly, the Supreme Court properly denied that branch of the petitioner's cross motion which was for leave to recommence the proceedings pursuant to CPLR 205 (a).

The petitioner's remaining contention is without merit. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur. 