This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 77
In the Matter of Westchester
Joint Water Works,
            Appellant,
        v.
Assessor of City of Rye,
            Respondent;
Rye Neck Union Free School
District,
        Intervenor-Respondent.
(And Other Proceedings.)


            Stephen Davis, for appellant.
            Marc E. Sharff, for intervenor-respondent.
            Darius P. Chafizadeh, for respondent.


FAHEY, J.:

        This appeal presents the question whether a proceeding

dismissed for an unexcused failure to comply with the mailing

requirements of Real Property Tax Law (RPTL) § 708 (3) may be

recommenced pursuant to CPLR 205 (a).  We conclude that it may

- 1 -

not.

### Facts and Background

Petitioner commenced nine separate tax certiorari proceedings against respondent Assessor of the City of Rye (City) challenging the real property tax assessments for each tax year from 2002 through 2010 with respect to two parcels owned by petitioner.  The parcels are respectively assigned tax identification numbers 200-1-9 (Lot 9) and 200-1-10 (Lot 10), and each such parcel contains what the record characterizes as "certain water pipes installed over several decades."  Lot 10 is located entirely within the Rye City School District (City Schools), and what apparently was timely notice of the subject proceedings was provided to that school district.  Here our sights are set primarily upon Lot 9, which petitioner believed to be located within the City Schools but which, in actuality, lies within intervenor Rye Neck Union Free School District (District).

Pursuant to RPTL 708 (3), within 10 days of the service of the notice of petition and petition on a municipality in a tax certiorari proceeding, a petitioner must mail a copy of the same documents to the superintendent of schools of "any school district within which any part of the real property on which the assessment to be reviewed is located."[1]  That is, petitioner was

---

[1]       There are exceptions to the notice requirements that do not apply to the District.  Those exceptions notwithstanding, RPTL 708 (3) specifically provides that

required to mail a copy of the notice of petition and petition in each such proceeding to the District's superintendent within the statutorily prescribed period.  It is undisputed that petitioner did not comply with those notice requirements before petitioner and the City reached an agreement in principle resolving the proceedings.  It is similarly undisputed that, before that tentative settlement was finalized, petitioner recognized its error.

Petitioner subsequently notified the District of the mistake, mailed to the District's superintendent copies of the petition and notice thereof in each of the subject proceedings, and sought the District's consent to the proposed settlement of each such proceeding.  The District, however, did not accommodate that request and instead initiated motion practice that resulted in two orders: one in which Supreme Court permitted the District

---

"one copy of the petition and notice shall be mailed within [10] days from the date of service thereof . . . to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located . . . . [T]he school district . . . shall [not] thereby be deemed to have been made a party to the proceeding.  Proof of mailing one copy of the petition and notice to the superintendent of schools . . . shall be filed with the court within [10] days of the mailing. Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown."

to intervene in these proceedings (see 37 Misc 3d 238, 240-241 [Sup Ct, Westchester County 2012]), and a second in which Supreme Court granted the District's motion to dismiss the petitions with prejudice for failure to comply with the mailing requirements of RPTL 708 (3) and denied petitioner's cross motion for leave to recommence these proceedings pursuant to CPLR 205 (a)[2] (37 Misc 3d at 242, 251). In the second order Supreme Court also denied the City's cross motion to dismiss the petitions against it on the ground that the City lacked standing to seek such relief inasmuch as it was the District, not the City, that did not receive proper notice pursuant to RPTL 708 (3) (37 Misc 3d at 246-247, 251).

Only the second order was challenged on the cross appeals, and the Appellate Division modified that paper

---

[2]      Pursuant to CPLR 205 (a),

> "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. . . ."

essentially by denying the motion of the District insofar as it sought dismissal of the parts of the petitions pertaining to Lot 10 (that is, the lot outside the District's boundaries but within the adjacent City Schools) and granting the cross motion of the City insofar as it sought dismissal of the parts of the petitions pertaining to Lot 9 (120 AD3d 1352, 1352-1353 [2d Dept 2014]). Otherwise, the Appellate Division noted petitioner's concession that "it failed to give notice of the proceedings to the Superintendent of the District pursuant to RPTL 708 (3)[] and lacked good cause for [that error]" (120 AD3d at 1354) before ruling that the parts of the petitions pertaining to Lot 9 were properly dismissed based on "the lack of good cause excusing the petitioner's noncompliance" with that statute (id.). The court also ruled that, "[s]ince a dismissal pursuant to RPTL 708 (3) operates as a dismissal upon the merits, the relief afforded by CPLR 205 (a) is unavailable" (120 AD3d at 1354). We subsequently granted petitioner "leave to appeal as against the [District]" only (25 NY3d 1098, 1098 [2015]), and we now affirm the Appellate Division order insofar as appealed from, albeit for slightly different reasons.

<u>Analysis</u>

A.

Our analysis begins with an historical review of RPTL 708 (3). As of January 1, 1996, RPTL 708 (3) provided that an affected school *board* was a necessary party to a tax certiorari

proceeding, and that a copy of the notice of petition and petition commencing such a proceeding was to be mailed to the clerk of that board (or, where a board did not employ a clerk, to a trustee thereof).  As it then was constituted, RPTL 708 (3) exempted an affected school *district* from participation in such a matter.

It was not long before the oddity in requiring school *boards*, but not school *districts*, to be parties to tax certiorari proceedings became problematic.  In July 1996, the State Office of Real Property Services noted the issue.  It supported proposed changes to RPTL 708 (3) intended to treat school boards and school districts as one, and to provide school districts with intervenor status in tax certiorari proceedings (see Bill Jacket, L 1996, ch 503, at 7-12).  In addition to resolving the paradox in RPTL 708 (3), those changes were also intended to create "tax savings to municipalities and school districts" -- ostensibly through the reduction of litigation fees with respect to tax certiorari proceedings --, and to "improve a district's ability to manage its tax liability" (Bill Jacket, L 1996, ch 503, at 7).  Such adjustments were suggested "at the request of the schools themselves, in recognition of the fact that it would be time consuming and expensive for schools to be made necessary parties to all tax certiorari proceedings, both large and small" (id.).

In July 1996, the legislature amended RPTL 708 (3) by, among other things, deleting the provision requiring a school

board to be a necessary party to a tax certiorari proceeding and implicitly providing intervenor status to school districts affected by such matters (see L 1996, ch 503, § 1).  To give school districts a meaningful opportunity to participate in tax certiorari proceedings, the legislature, subject to exceptions inapplicable to this case, modified the notice requirements of that statute so as to provide that a petitioner must mail the notice of petition and the petition in such a proceeding to the superintendent of an affected school district within 10 days of the date of service of those papers.  Significantly, the legislature also strengthened compliance with those requirements; under the "new" version of RPTL 708 (3), "[f]ailure to comply with the provisions of [that] section shall result in the dismissal of the petition, unless excused for good cause shown."

B.

From that historical sketch we turn to the interplay of RPTL 708 (3) and CPLR 205 (a), and specifically to the question whether a proceeding dismissed pursuant to RPTL 708 (3) may be recommenced under CPLR 205 (a).[3]  The issue has split the

---

[3]     As noted, RPTL 708 (3) provides that, in a proceeding pursuant to RPTL article 7, where a petitioner fails to timely mail copies of a petition and notice of petition to the superintendent of an affected school district the petition shall be dismissed, "unless [the error is] excused for good cause shown."  CPLR 205 (a), in turn, permits recommencement of what was a timely-commenced action within six months of a dismissal based on anything other than (1) a voluntary discontinuance; (2) failure to obtain personal jurisdiction over the defendant; (3) failure to prosecute; or (4) a final judgment upon the merits.

Appellate Division.

In Matter of MM 1, LLC v LaVancher (72 AD3d 1497, 1498 [4th Dept 2010]), the Fourth Department permitted recommencement under CPLR 205 (a) of a proceeding dismissed pursuant to RPTL 708 (3) based on the petitioner's failure to comply with the mailing requirements of the latter statute. The Second Department took the same approach in Matter of Consolidated Edison Co. of N.Y., Inc. v Assessor & Bd. of Assessment Review for the Town of Pleasant Val. (82 AD3d 761, 763 [2d Dept 2011]). That court concluded that the trial court properly granted a motion to recommence pursuant to CPLR 205 (a) proceedings dismissed under RPTL 708 (3) where the respondents suffered no prejudice as a result of the petitioner's failure to comply with the notice provisions of the latter statute.

By contrast, in Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown (84 AD3d 1104 [2d Dept 2011]), which was decided approximately 2 1/2 months after Consolidated Edison Co. (82 AD3d 761), a different panel of the Second Department refused to permit recommencement pursuant to CPLR 205 (a), ruling that "a dismissal pursuant to RPTL 708 (3) operates as a dismissal upon the merits," thereby rendering "the relief afforded by CPLR 205 (a) . . . unavailable" (Wyeth Holdings Corp., 84 AD3d at 1107 [internal quotation marks omitted]). Matter of Cornwall Yacht Club, Inc. v Assessor (110 AD3d 1070 [2d Dept 2013], lv denied 23 NY3d 904 [2014]) later yielded a similar

result; in that case, the Second Department concluded that the trial court providently exercised its discretion in denying the petitioner's cross motion seeking, among other things, leave to recommence through CPLR 205 (a) proceedings dismissed for failure to comply with the mailing requirements of RPTL 708 (3). The order appealed from is consistent with <u>Wyeth Holdings Corp.</u> and <u>Cornwall Yacht Club, Inc.</u> inasmuch as the Appellate Division concluded that CPLR 205 (a) does not permit recommencement where a proceeding is dismissed upon the merits pursuant to the RPTL. In that court's view, the terms of CPLR 205 (a), not those of RPTL 708 (3), preclude recommencement here (<u>see</u> 120 AD3d at 1354).

C.

We conclude that recommencement of a proceeding pursuant to CPLR 205 (a) is unavailable where, as here, such proceeding is dismissed for an unexcused failure to comply with the mailing requirements of RPTL 708 (3). Our determination is based not upon petitioner's failure to meet the requirements of CPLR 205 (a), but upon our conclusion that RPTL 708 (3) does not permit resort to the recommencement largess of the CPLR. The reason for our conclusion is threefold.

First, because RPTL 708 (3) comprehensively addresses the result where a proceeding is dismissed for failure to comply with the mailing requirements of that section, a petitioner may not reach outside of the RPTL to recommence such a proceeding.

The language of RPTL 708 (3) providing that the dismissal for failure to comply with the mailing provisions of that statute shall be excused only "for good cause shown" reflects an intent to permit a petitioner who has ignored the subject mailing requirements to proceed only where the error is found to be excusable.

In W.T. Grant Co. v Srogi (52 NY2d 496 [1981]) we observed that, "[a]s a general rule, there should be no resort to the provisions of the CPLR in instances where the [RPTL] expressly covers the point in issue" (id. at 514; see CPLR 101 ["The (CPLR) shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute"]). Although W.T. Grant Co. considered a question -- whether the petitioners were entitled to the discretionary allowance authorized by CPLR 8303 (a) (2) -- unlike the main issue on this appeal, its instruction applies equally here. RPTL 708 (3) expressly covers the result where a petitioner fails to comply with the mailing requirements of that statute, that is, dismissal in all such instances except where good cause is shown for the error. Under the logic of W.T. Grant Co., the procedure set forth in the RPTL controls. The recommencement remedy of CPLR 205 (a) is unavailable to the petitioner.

Second, the conclusion that RPTL 708 (3) does not leave room for operation of CPLR 205 (a) is consistent with the rule of

statutory construction requiring that "effect and meaning must, if possible, be given to [all parts of a] statute" (McKinney's Cons Laws of NY, Book 1, Statutes, § 98; see McKinney's Cons Laws of NY, Book 1, Statutes, § 144).  RPTL 708 (3) requires that where there is no "good cause" to avoid dismissal of a proceeding commenced pursuant to RPTL article 7, that proceeding is finally and conclusively dismissed.  To construe RPTL 708 (3) otherwise, that is, to conclude that CPLR 205 (a) permits recommencement of a proceeding dismissed pursuant to RPTL 708 (3), would be to render the "good cause" language in section 708 (3) ineffective (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104 [2001] ["Words are not to be rejected as superfluous where it is practicable to give each a distinct and separate meaning"] [internal quotation marks omitted]).

        Third, the comprehensive reach of RPTL 708 (3) in this setting is consistent with the legislative intent of that statute.  The development of RPTL 708 (3) shows that the "current" version of that statute was structured so as to allow school districts to avoid the expense of participating in every tax certiorari proceeding.  To further that aim, the legislature included the provisions requiring that the superintendent of an affected school district be timely notified of the commencement of such a proceeding.

        The mailing requirements ensure that an affected school district is promptly notified of a tax certiorari proceeding so

as to allow that district to determine whether to participate in that matter and whether to reserve monies to satisfy an adverse ruling.  By the time it enacted the current version of RPTL 708 (3), the legislature had passed Education Law § 3651 (1-a) (see L 1988, ch 588, § 1), which authorizes the creation of a reserve fund by a school district to pay judgments or claims in tax certiorari proceedings.  However, "the total of the monies held in such reserve fund shall not exceed that amount which might reasonably be deemed necessary to meet anticipated judgments and claims arising out of such tax certiorari proceedings" (Education Law § 3651 [1-a]).

By amending RPTL 708 (3), the legislature allowed school districts to reserve funds to satisfy judgments in tax certiorari proceedings.  That right of reservation, however, extended only to the extent funds reserved "might reasonably be deemed necessary to [pay] anticipated judgments and claims" (Education Law § 3651 [1-a]).  A school district of necessity must know of a proceeding in order to be able to estimate the amount it is permitted to set aside.  The notice requirements the legislature included in RPTL 708 (3) act to balance the strictures of the Education Law.  A petitioner who ignores the mailing requirements of RPTL 708 (3) and simultaneously denies a school district the opportunity to economically address a tax certiorari proceeding is not permitted to recommence a proceeding dismissed based upon such noncompliance.  To do so would be to

undermine the aims of fairness and efficiency that prompted the amendments to RPTL 708 (3) (<u>see</u> Bill Jacket, L 1996, ch 503, at 7).

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order insofar as appealed from affirmed, with costs.  Opinion by Judge Fahey.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur.

Decided June 9, 2016